JOB MONAGHAN *vs.* LYMAN K. PUTNEY.

Norfolk.    March 9, 1894. — May 17, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mechanic's Lien — Additional Labor to save Lien.*

It cannot be said, as matter of law, that work done by a mechanic under a contract substantially performed at an earlier date is only colorable because it is trifling in amount and done with the ulterior purpose of saving his lien.

HOLMES, J. This is a petition to enforce mechanic's liens. The judge before whom the case was tried found that the liens

were established, subject to an exception to his refusal to rule, as matter of law, that there was no evidence warranting his findings. The ground on which the respondent asked the ruling was that the petitioner did not file the statements required by statute within thirty days after he ceased to labor on the houses upon which the work was done.

The statements were filed on October 13, 1890. The petitioner did his work upon two houses under a contract with one Smith, who built them for the respondent. The auditor found that the petitioner had performed the contract substantially, on or before August 23, 1890, that is, more than a month before the statements were filed, but that on September 22 and September 26 he did a small amount of additional work on the houses respectively, for the purpose of enabling himself to file his statements in season to maintain his liens. It appears by the schedule annexed to the auditor's report, that the petitioner also did a little work on one of the houses on September 5. The petitioner testified, at the hearing before the court, that he did some work at the respondent's request, and a part of his testimony would lead to the inference that this was toward the end of September. He also testified that in the middle of September he did not consider his contract fulfilled, and that he did the additional work in order to perform his contract, although he admitted that his ulterior purpose was to save his lien. If the contract had been performed at that time, probably when he consulted counsel about his lien he was in time to save it.

We cannot say that there was no evidence that the work was " done in good faith, for the purpose of completing [the] contract, and not colorably in order to revive [the] lien," in the language of *Turner* v. *Wentworth*, 119 Mass. 459, 464. We cannot lay it down, as matter of law, that the work was only colorable because of the ulterior purpose, or because what was done was a very trifling matter. If, as was testified, the contract did call for what the petitioner did, and if the contract had not been treated by those concerned as fully executed at an earlier date, the petitioner's lien was saved so far as his contract was concerned. It may be that the respondent's testimony would have warranted the inference that Smith's contract with the respondent was executed, and that the petitioner no longer had authority to work

upon the buildings.    But we cannot draw that inference against
the finding of the judge.    See *Worthen* v. *Cleaveland*, 129 Mass.
570.                                            *Exceptions overruled.*

*C. E. Washburn*, for the respondent.
*W. R. Bigelow*, for the petitioner.