NATHAN MILLER & another *vs.* CHARLES A. WILKINSON
& others.

Bristol.    October 27, 1896. — October 29, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Additional Labor to save Lien — Law and Fact.*

It cannot be said, as matter of law, that work done by a mechanic under a contract substantially performed at an earlier date is only colorable because it is trifling in amount, and done with the ulterior purpose of saving his lien.

PETITION, under Pub. Sts. c. 191, to enforce a mechanic's lien for labor and materials furnished in the plumbing and heating of a house in Fall River.    Trial in the Superior Court, before *Richardson,* J., who reported the case for the determination of this court, in substance as follows.

The contract, which was made in March, 1893, was completed prior to August 23, 1893, except furnishing and putting up in the basement a marble back to the washbowl.    This back was furnished and put up on December 2, 1893, and the statement of lien was filed on December 18, 1893.    The reason why the back was not put up sooner was, that, when the bowl which was ordered of the manufacturers came, the back was not sent.    It was a part of the bowl and went with it, and hence was a part of the contract.    Backs were not kept in stock, as they were usually made to fit the places where bowls were to be put.

At the trial the only question raised was whether the statement of lien was seasonably filed, the petitioners contending that the furnishing and putting up this back was a part of their contract, and the defendants contending that it was not a part of their contract, but was put up at that time to revive the lien. The judge found that the petitioners were bound to put up this marble back as a part of their contract, though their chief reason for doing so in December was to revive their lien, and found that their statement was seasonably filed and their lien established.

If the court was warranted in establishing the lien, the finding was to stand; otherwise, the petition was to be dismissed, and judgment entered for the respondents.

*G. Grime*, for the respondents.

*A. N. Lincoln*, for the petitioners.

HOLMES, J.   So far as appears from the report, the presiding judge well might have found for the respondents.   But as it appears that what was done was done under the contract, we cannot say, as matter of law, that the finding for the petitioners was not warranted.   *Monaghan* v. *Putney*, 161 Mass. 338.

*Finding to stand.*