DANIEL O'DRISCOLL *vs.* ELIZA N. BRADFORD.

Middlesex.	March 3, 1898. — May 20, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Mechanic's Lien — Work done Colorably — Abandonment of Contract.*

Work done upon a building for the purpose of enlarging the time for filing a claim for a lien, and not *bona fide* for the purpose of carrying out the contract, is not to be considered in fixing the time for the running of the thirty days within which the certificate must be filed.

At the trial of a petition for the enforcement of a lien on buildings and land, it appeared that the petitioner was employed by a sub-contractor to plaster the house and build the chimneys; that the petitioner substantially finished his work on May 20, at about which time the original contractor and sub-contractor abandoned their contracts; and that subsequently, on July 13 and 22, the petitioner patched some plastering in the house where it had been disturbed by joiners in putting on the finish. *Held,* that labor furnished after May 20 was not furnished under a contract made with the consent of the respondent, and that a certificate which was not filed until August 11 was not seasonably filed.

PETITION, to enforce a mechanic's lien. Trial in the Superior Court, without a jury, before *Hardy,* J., who found for the respondent; and the petitioner alleged exceptions. The facts appear in the opinion.

*J. C. Ivy,* for the petitioner.

*C. R. Darling,* for the respondent.

KNOWLTON, J. The judge who tried this case without a jury found as a fact that the labor furnished by the petitioner after May 20, 1896, was not furnished under a contract made by and with the consent of the respondent. The certificate on which the lien is founded was not filed until August 11, 1896, much more than thirty days after the petitioner ceased to perform and furnish labor with the consent of the respondent. The only labor done within thirty days prior to the filing of the certificate was for three hours on July 13, and for half an hour on July 22. This was done in patching plastering where it had

been disturbed by joiners in putting on the finish, and by plumbers. At the request of the respondent, the judge ruled that " what was done by the petitioner's workman on July 13th or 22d is not to be considered in fixing the time for the running of the thirty days if the petitioner had such work done for the purpose of enlarging the time for filing a lien claim, and not *bona fide* for the purpose of carrying out his contract." Except this patching, which was made necessary by the work of others afterwards, the plastering was all done prior to May 21. The evidence well warranted the finding that this work was done for the purpose of enlarging the time for filing the lien, and not *bona fide* under the contract. The giving of this ruling by the judge implied that he so found. If this was one of the findings of fact, it renders immaterial all the other questions in the case.

But as it does not expressly appear that the judge so found, and as he also ruled that " Delaney, Marquis, and Moseley having abandoned the work and their contracts prior to July 13th, the petitioner was not thereafter authorized to do further work on the house without further authority from the respondent, and any work done by him or his order on or after July 13th would not count in computing the time for filing his lien claim," it is necessary to consider this last ruling. It does not appear to be erroneous. By the terms of the contract of Delaney, the original contractor, under which the petitioner derived his authority to work, the whole house was to be completed on or before June 1, 1896. Marquis, the sub-contractor, contracted to have his part of the work done by the first day of May, and the petitioner, who made his contract with Marquis, was bound by that stipulation, as well as by the provision as to time in the original contract. The evidence showed that Marquis abandoned his contract at some time between the first and twentieth day of May, and Delaney abandoned his contract at about that time or a little later, and the respondent took possession of the building to complete it, independently of the contractors, before July 1st. Although it was not until July 22 that the petitioner was expressly forbidden by the respondent to do any more work, he knew all the time that the contracts of Marquis and Delaney had been abandoned, and that the respondent had taken posses-

sion of the house.    There was testimony that the respondent did not notify him earlier to do no more work there, because she supposed his part of the work had been finished a considerable time before.    When the contracts of Delaney and Marquis were abandoned, and the respondent took possession of the building to complete it, the only authority under which the petitioner was working there was terminated.    He was entitled to a lien for all that he had done up to that time, but work done after the original contractor and the first sub-contractor had lost their rights to continue the work through their failure to perform their contracts, and after the owner entered into possession for the purpose of completing the building on her own account, cannot be held to have been done with the owner's consent.    *Worthen* v. *Cleaveland*, 129 Mass. 570, 576.    The ruling upon this part of the case was correct.

Inasmuch as the petitioner lost his lien by a failure seasonably to file his certificate, the other questions in the case are immaterial.                                             *Exceptions overruled.*