MALCOLM McLEAN vs. WILLIAM O. WILEY & others.

Suffolk.   March 26, 27, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Mechanic's Lien — Additional Labor to save Lien — Accommodation Note.*

Work done by a mechanic under a contract substantially performed at an earlier date, although it is of small amount, will save his lien if it is done in good faith, for the purpose of completing the contract, and not merely for the purpose of saving the lien.

At the trial of a petition to enforce a mechanic's lien the petitioner testified that at the request of the respondent he took from him certain notes for his accommodation and not in satisfaction of the debt, raised money upon them, and arranged, at the request of the respondent, to know where each note was, so that the respondent could pay it before it fell due. The notes were not credited in the account until they were paid, and some of them were outstanding in the hands of third persons when the statement of lien was filed, but all had been taken up by the petitioner before he filed his petition, and at the trial were turned into court by him for cancellation. *Held*, that the judge properly refused to rule that the petitioner could not maintain a lien for such portion of his account as was included in the outstanding notes.

PETITION, to enforce a mechanic's lien.   Trial in the Superior Court, before *Aiken*, J., who found the lien to be established; and the respondents alleged exceptions.   The material facts appear in the opinion and in a note by the reporter.

*I. R. Clark & G. A. Blaney,* for the respondents.

*T. W. Proctor,* (*A. B. Coffin* with him,) for the petitioner.

HOLMES, C. J.   This is a petition to enforce a mechanic's lien.   The statement was filed on March 11, 1898, and the petition on May 9, 1898.   Continuous work under the contract stopped on December 21, 1897, and the respondents contend that the statement was filed too late.   The petition, however, had items for labor on January 11 and 24, and on February 14, which last, of course, would make the statement in time, although the item was small, if the work was done in good faith under the same contract with the rest, for the purpose of completing that contract, and not under a different one, or merely for the. purpose of enabling the petitioner to file a statement. *Monaghan* v. *Putney,* 161 Mass. 338.   *Miller* v. *Wilkinson,* 167

Mass. 136.   The question when the petitioner stopped work under his contract was left to the jury with proper instructions, and they answered that he stopped on February 14, so that the main question on this part of the exceptions is whether there was any evidence to warrant the finding.

The petitioner testified in terms that "the work continued right through until February 14," and also as follows: "I claimed I did the last work February 14; at that time I never thought of a lien at all; . . . the work in January and February was a continuous work on my contract; the work which was done on the 14th of February amounted to $1.86 to finish up the job."   In view of this it is impossible to say that there was no evidence to warrant the finding, although there was other testimony that tended to enhance the suspicion naturally, roused where a lien is saved by a small job being done months after the body of the work was finished, and a job which the petitioner himself characterizes as repairing or redoing work which had been done before.   In this case, however, the good faith of the petitioner is not questioned.   The instructions asked upon this point, so far as they implied a general ruling for the respondents, properly were refused.   So far as they meant that if the contract had been performed before February 14 the petitioner could not recover, they were given in substance.   The judge was not bound to adopt the words or the dramatic form in which the work of February 14 was presented by the respondents as a trifling after repair.*

---

* The petitioner's foreman testified that on February 14, after erecting a staging over the respondents' platform scales for the purpose of fixing some sheathing, the petitioner's men stopped further work there because it interfered with the respondents' use of the scales, and that they then eased a door and some windows which had become swollen.   The respondent Wiley also testified that he accepted the work from the petitioner on December 18, and the carpenters and laborers quit work on that day.   The respondent asked the judge to rule, 1. That if the only work done on February 14, 1898, was the mere easing of a door which had sagged, and a window which had swollen from dampness after they had been built by McLean and accepted by Wiley, the petitioner cannot recover for any labor and material furnished prior to that date.   2. That on the evidence the petitioner cannot recover more than $1.86, the charges for work done on February 14, 1898.   The judge instructed the jury that if, after December 22, the petitioner in good faith, in the honest execution of his contract, performed any labor which

The petitioner received from the respondent Wiley certain notes. According to his testimony he took them at the respondent's request, upon an express understanding that they were not taken in satisfaction of the debt, but to accommodate the respondent. The petitioner raised money upon them, arranging, at the respondent's request, to know where each note was, so that the latter could pay them before they fell due. The notes were not credited in the account until they were paid. Some of these notes were outstanding in the hands of third persons when the petitioner filed his statement, although before he filed his petition he had taken them all up, and at the trial turned them into court for cancellation. The respondent asked a ruling that the petitioner could not maintain a lien for such portions of the account as were included in these outstanding notes. See *Green* v. *Fox*, 7 Allen, 85. This was refused and he excepted. It sufficiently appears from what we have said that the jury were warranted in finding that the notes neither satisfied nor suspended the petitioner's lien, but were a collateral arrangement for the respondent's accommodation which left the petitioner's rights intact. *Casey* v. *Weaver*, 141 Mass. 280. *Quimby* v. *Durgin*, 148 Mass. 104. *Davis* v. *Parsons*, 157 Mass. 584.                              *Exceptions overruled.*

---

the proper and substantial performance of the contract called for, the date of such performance is the time when he ceased to labor on the contract; but if the contract had been substantially performed on December 22, and the petitioner thereafter did some trifling amount of labor not necessary to its complete performance merely for the purpose of fixing some date relative to the filing of a statement, that date would not be the time when he ceased to labor or furnish materials within the meaning of the statute.