D. L. BILLINGS COMPANY *vs.* CARRIE C. BRAND.

Suffolk.   November 9, 1904. — March 1, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Mechanic's Lien.*

If the sworn statement of a mechanic's lien is filed under R. L. c. 197, § 6, within thirty days after the petitioner has ceased to labor, and if the last items of labor were performed in good faith under the petitioner's contract, the lien is none the less valid because, before the work named in the last items was done, no work had been done by the petitioner for about thirty-four days and before the last work was done the houses on which the lien is claimed appeared to be completed and were purchased by their present owner without knowledge of any lien. *Whether* there might be an interval of delay so great and unreasonable as to justify the court in holding as matter of law that the lien had been lost was not considered, as in this case the delay was not unreasonable.

MORTON, J.   These are petitions to enforce two mechanic's liens for labor and materials furnished by the petitioner in the execution of a contract with one McKay, the owner and builder of two houses in Dorchester, for the plumbing and heating of the houses. The contract was made on or about March 26, 1902, and was for $760 for each house. One of the houses was finished to all appearances on or about July 1, 1902, and the

other on or before August 8. The respondent purchased the premises of McKay in September, and the papers were passed in the registry of deeds and the deed was recorded on September 11 at 11.26 A. M. Later, on the same day, and also on September 12, the petitioner, at McKay's request, and without any actual knowledge on its part of the conveyance, did certain work on the premises, and thereafter, on September 30, filed a claim for a lien on each lot for the unpaid balance due to it under the contract. The respondent had no knowledge of the work that thus was done, or of the request by McKay, and did not consent thereto or authorize the same. The cases were heard together by a judge of the Superior Court without a jury, and the respondent asked the judge to rule that the liens could not be enforced. The judge refused so to rule and ruled that the petitioner was entitled to maintain its liens. The cases are here on exceptions by the respondent to this ruling and to the refusal to rule as requested. The judge made certain special findings of fact, and, in addition to the facts already stated, found that the only work done within thirty days of the filing of the liens in the registry of deeds was on September 11, 12 and 16; that the work done on September 11 and 12 consisted in connecting a range and doing some work on the pipes of the bath tubs, and took in all about eight hours, and was included in the original contract between the petitioner and McKay; that the respondent " had no knowledge or information, or reason to believe, personally or by her agents, that the contract was not completed prior to September 11, the day on which she took title," and that " the houses appeared to be completed, inside and out, and examinations which had been made by the husband of the respondent, in her behalf, and others had shown nothing apparently unfinished "; that no work was done by the petitioner on the premises between August 8 and September 11, and that during that period the houses also appeared to be finished in all respects. He also found that the work done on September 11 was begun after 11.26 A. M., and that the work done on September 16 was done at the request of the respondent's agent and was not required under the contract between McKay and the petitioner.

There is nothing to show that the work which was done on September 11 and 12, on which the petitioner relies to establish

its liens, was not done in good faith, and it is expressly found
that it was required by the contract between the petitioner and
McKay. So far as appears it was done under and by virtue of
that contract and in the fulfilment of it. The fact, that the
work relied on was not done till after the conveyance of the
property to the respondent and the recording of the deed, would
not of itself be fatal to the establishment of the liens. It is well
settled that a change of ownership before the contract is com-
pleted and while the work is going on will not defeat the right
to a lien. *Gale* v. *Blaikie*, 126 Mass. 274. *Amidon* v. *Benjamin*,
126 Mass. 276. *Dodge* v. *Hall*, 168 Mass. 435. "The lien con-
tinues," it is said, "till all that is called for by the contract has
been done." Neither does it affect the validity of the lien that
it was not on record, or that the purchaser did not know of it
at the time of the conveyance, and has exercised due, or even
extraordinary, care to ascertain whether the property is subject
to a mechanic's lien. The statement required may be filed at
any time within thirty days after the person claiming a lien has
" ceased to labor on or to furnish labor or materials for the build-
ing or structure," and, in the absence of fraud or conduct amount-
ing to an estoppel, no change in the situation of the parties who
have purchased the property which will be caused by his filing
a lien will interfere with his right to maintain a petition to en-
force it. The respondent contends, however, that the petitioner
must be taken, as matter of law, to have ceased to labor or to
have ceased to furnish materials for the buildings more than
thirty days before the date on which it relies to establish its
lien, and that the rulings, therefore, were erroneous. She bases
this contention on the fact that the buildings were apparently
finished, one on July 1 and the other on August 8, and that
nothing was done by the petitioner between those dates and
September 11 and 12. But the fact, that, in the progress of the
work, more than thirty days may have passed without the peti-
tioner's doing anything on the job would not of itself and as
matter of law defeat the liens. The judge found that the
work on September 11 and 12 was done pursuant to and under
the contract, and it is to be assumed that the judge also found
that it was not done colorably to save the liens, but was done
in good faith. Without undertaking to say that there might

not be a case in which the delay was so great and unreasonable as to justify the judge in saying as matter of law that the right to a lien had been lost, we do not see how it can be said in these cases. *Monaghan* v. *Putney*, 161 Mass. 338. *Miller* v. *Wilkinson*, 167 Mass. 136. *McLean* v. *Wiley*, 176 Mass. 233. There was nothing in the nature of an estoppel. The petitioner made no representations or statements to the respondent on which she acted in purchasing the property as was the case in *Hinchley* v. *Greany*, 118 Mass. 595, relied on by the respondent, and it had no actual knowledge that she had bought or contemplated buying the property. We have already said that it is to be assumed that the judge found that the petitioner acted in good faith. In the case of *Hartley* v. *Richardson*, 91 Maine, 424, relied on by the respondent, it was expressly found that the contract had been completed before the work was done on which the complainant relied to establish his lien. In *Flint* v. *Raymond*, 41 Conn. 510, and *Sanford* v. *Frost*, 41 Conn. 617, there was an unexplained delay in one case of six months and in the other of nine months before the work relied on to establish the liens was done. In *Cole* v. *Uhl*, 46 Conn. 296, there was a delay of nearly three months, but the court held that the lien was valid. And such was the result in *Nichols* v. *Culver*, 51 Conn. 177, where there was a delay from some time in September to November 22. The remark, doubtfully made, as to what might have been the result, if, after the work was apparently finished, third parties had acquired an interest in good faith and for a valuable consideration, cannot, of course, affect our decision.

*Exceptions overruled.*

*F. N. Nay & W. N. Swain*, for the respondent.

*O. Storer*, (*C. H. Stebbins* with him,) for the petitioner.