HENRY M. SHAUGHNESSY *vs.* BERNARD ISENBERG & another.

Worcester.    September 30, 1912. — November 27, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Mechanic's Lien.    Practice, Civil,* Agreed statement of facts.

Upon an appeal from a decree dismissing a petition to establish a mechanic's lien which was submitted to the trial judge upon an agreed statement of facts containing no stipulation that inferences of fact might be drawn, the only question presented is whether upon the facts stated, without any deductions being drawn from them, the petitioner is entitled to a decree establishing his lien.

A lien on real estate under R. L. c. 197 for labor and materials is not lost by mere delay in completing the contract if the contract was completed in good faith and without any conduct which could constitute an estoppel, although after the making of the contract and before its completion a mortgage of the property was made and foreclosed without any knowledge of the contract on the part of the mortgagee or of the purchaser at the foreclosure sale.

On a petition to enforce a mechanic's lien on real estate for the balance due upon an entire contract made by the petitioner with the owner of the land for furnishing labor and materials, it appeared, by an agreed statement of facts containing no stipulation that inferences of fact might be drawn, that after the making of the contract the owner made a mortgage of the property which was foreclosed before the contract was completed, that neither the respondent, who held title under the purchaser at the foreclosure sale, nor the mortgagee nor such purchaser had any knowledge of the petitioner's contract, that the respondent acquired his title more than nine months after the contract was made, that more than a year and four months after the respondent acquired his title the petitioner furnished several days' labor and a small amount of material and that thereby the work required by the contract was completed, that such work was done by the petitioner in good faith for the purpose of finishing his contract and that he had no notice of any change in title until just before filing his sworn statement in compliance with R. L. c. 197, § 6.  The trial judge made a decree dismissing the petition on the ground that "the petitioner unreasonably delayed the

complete performance of his contract without any explanation or excuse."
On appeal, it was *held,* that the record did not show unreasonable delay, and
that, if such delay had been shown, it could not have been ruled rightly that the
petitioner must fail because he unreasonably delayed the complete perform-
ance of his contract; and the decree dismissing the petition was reversed.

RUGG, C. J. This is a petition to enforce a mechanic's lien for
the balance due upon an entire contract made by the petitioner
with the owner of the land for furnishing labor and materials.
The case was submitted upon an agreed statement of facts, in
substance as follows: The contract was dated on August 7, 1909.
Subsequently certain mortgages were given by the owner, through
the foreclosure of which the defendant Goldman traced his title,
which he acquired on November 12, 1910. Neither he nor any
of the mortgagees nor the purchaser at the mortgagees' sales
had any knowledge of the plaintiff's contract, although it was not
completed at the time of the foreclosure of the mortgages. Be-
tween March 15 and March 22, 1911, several days' labor was
performed and a small amount of material was furnished by the ·
plaintiff, and the work required by the contract was completed.
This work was done without the knowledge of the mortgagees
or of the purchaser at the foreclosure sale or of the defendant
Goldman, and, as far as the latter knew, the plumbing (to which
the contract related) was completed when he took his title. The
plaintiff did all the work necessary to finish his contract, after
Goldman became owner, in good faith for the purpose of finishing
his contract, and he had no knowledge of any change in title
until just before filing his certificate. Upon these facts a judge
of the Superior Court * ordered the petition dismissed on the
ground that "the petitioner unreasonably delayed the complete
performance of his contract without any explanation or excuse."
The petitioner's appeal brings under review the correctness of
this ruling.

It is to be noted that there is nothing in the agreed facts to
show the date when the last labor was performed by the petitioner
before March 15, 1911. There is no stipulation that inferences of
fact may be drawn by the court. Hence the only question pre-
sented is whether upon the facts stated the petitioner is entitled
to maintain his petition. The presumptions in favor of a general

* *Irwin,* J.

finding by the court where rational deductions may be drawn from the evidence is absent. *Cunningham* v. *Connecticut Fire Ins. Co.* 200 Mass. 333.

A mechanic's lien relates back to the time of the contract, and takes precedence over subsequent mortgages and conveyances. *Dunklee* v. *Crane,* 103 Mass. 470. The lien having once attached continues until everything required by the contract has been done, unless the contract is terminated in some way before it is fully performed. *Gale* v. *Blaikie,* 126 Mass. 274. *Dodge* v. *Hall,* 168 Mass. 435, 441.

The essential factors under the statute for determining the existence of a lien for the performance of a contract for materials, and labor are whether the items, which are relied upon to keep the lien alive, are furnished in fulfilment of the contract and in good faith. Even though the last work may be trifling in amount or considerably removed in time from the period when the bulk of the work has been done, if the contract still subsists and has not been abrogated and if good faith inheres in the final part of the performance and it is not done colorably for the purpose of reviving the lien, this is enough to preserve the lien, in the absence of any conduct amounting to an estoppel. Long delay in completing the contract ordinarily would be a material element in deciding whether the contract had been abandoned. This together with the extent of the unfinished parts of the contract well might be decisive in passing upon the good faith of the person claiming the lien. Moreover, if a time had been fixed for the completion of the contract, delay thereafter might be a significant fact. But there was no time limit for finishing the present contract. The agreed facts are express to the point that the final work was done under the contract and in good faith. There is nothing in the record to estop the petitioner from enforcing his lien.

It has never been held, under our statute, that mere delay in completing a contract, which still subsists as a binding agreement, in the absence of bad faith or words or conduct amounting to an estoppel is fatal to the maintenance of a lien. The rule laid down in *Flint* v. *Raymond,* 41 Conn. 510, and *Sanford* v. *Frost,* 41 Conn. 617, to the effect that a delay in completing a contract until the rights of an innocent purchaser have intervened bars a lien, has never been adopted by this court. It would engraft something

on our statute which is not in it. The statute is remedial and intended to protect those who lawfully enhance the value of land by the expenditure upon it of material or labor. As has been pointed out, the record does not show unreasonable delay. Even if it did, while the contract remains in force and the work is done in good faith, the lien is not lost. It follows that it could not have been ruled rightly that the petitioner must fail because he "unreasonably delayed the complete performance of his contract." For cases bearing generally upon the subject see *Monaghan* v. *Putney*, 161 Mass. 338; *Burrell* v. *Way*, 176 Mass. 164; *McLean* v. *Wiley*, 176 Mass. 233; *D. L. Billings Co.* v. *Brand*, 187 Mass. 417.

                              *Decree dismissing petition reversed.*

The case was submitted on briefs.

*J. H. Reid*, for the petitioner.

*M. L. Katz*, for the respondents.