WILLIAM FORD BREEDING, defendant below, plaintiff in error, *v.*
JOHN T. MELSON, plaintiff below, defendant in error.

*(January* 18, 1927.)

WOLCOTT, Ch., PENNEWILL, C. J., RICHARDS and RODNEY, J. J.,
sitting.

*Charles W. Cullen* and *Daniel J. Layton* for plaintiff in error.
*James M. Tunnell* for defendant in error.

No. 1, October Term, 1922.

RICHARDS, J., delivering the opinion of the court:

A claim in a mechanic's lien proceeding was filed in the Superior Court in and for Sussex County, on July 27, 1922, by John T. Melson, the plaintiff below, for work done and materials furnished in connection with the building of a moving picture theater, accompanied by the usual affidavit and bill of particulars, and by which the sum of $1,187.68 was claimed. The bill of particulars filed consisted of numerous items for various amounts bearing date from March 4, 1921, to April 5, 1922.

The items with which we are particularly interested in this case are as follows:

| | | |
|---|---|---:|
| October 22, 1921. | J. T. Melson, 2¾ hours at .60 | $1 65 |
| October 22, 1921. | W. M. Boyce, 3 hours at .55 | 1 65 |
| | | $3 30 |
| October 27, 1921. | J. T. Melson, 1 hour at .60 | $ 60 |
| Chain bolt | | 38 |
| | | $ 98 |
| April 5, 1922. | George Hastings, 1 hour at .55 | $ 55 |
| April 5, 1922. | J. T. Melson, 1 hour at .60 | 60 |
| Four lights | | 2 25 |
| | | $3 40 |
| Balance due for superintending as per contract | | $1,180 00 |

A statement of the account between the parties was also filed, which concluded with the following statement:

"All work and material paid for to Oct. 22d; amounts not paid are: Oct. 22d, 1921, $3.30; Oct. 27th, 1921, $0.98; April 5th, 1922, $3.40; and $1,180.00 balance for superintending building, making a total now due of $1,187.68."

The evidence disclosed a contract between the parties for furnishing labor for and superintending the erection of a moving picture theater in Seaford, Delaware, and for furnishing such of the materials for the erection of said moving picture theater as could not be procured in that place. No testimony was offered by the defendant. A motion for binding instructions, on the ground that it was not shown that the plaintiff was a contractor within the meaning of the law, was refused.

This refusal of the court to instruct the jury at the close of all the testimony taken in the case to find a verdict for the defendant, is the sole assignment of error.

Under the statute of this state providing for the filing of mechanics' liens, a contractor must file his statement within 30 days after the expiration of 90 days from the completion of the building, house or structure contracted for by him and upon which he desires to secure a lien. *29 Laws of Delaware 725.*

The courts of this state have decided that a contractor, within the meaning of the statute, is one who furnishes both labor and materials for the erection of any building, house or structure. *Cantera v. Eighth Street Baptist Church*, 3 Boyce 461, 84 A. 1035; *Carswell v. Patzowski*, 4 Penn. 403, 55 A. 342, 1013.

The greatest part of the claim filed in this case was for superintending the work of building the theater, and it was contended on behalf of the plaintiff in error that this was not labor of such a character as would entitle the plaintiff to file a claim in a mechanics' lien proceeding.

*Williams v. Alcorn Company*, 98 Miss. 468, 53 So. 958, Ann. Cas. 1913B, 137, is the only authority cited in support of this contention. It holds that the word "laborer," when used in its ordinary and usual acceptation, carries with it the idea of actual physical and manual exertion or toil, and did not include superintending the construction of a building. This decision is not supported, however, by the weight of authority in this country, which is to the effect that mechanic's lien statutes such as ours, providing that "it shall and may be lawful for any person or persons having performed or furnished work and labor or material, or both, to an amount exceeding twenty-five dollars in or for the erection, alteration or repair of any house, building or structure, in pursuance of any contract, express or implied, * * * to obtain a lien upon such building, house or structure," include all persons who perform labor in the construction or reparation of a building, irrespective of the grade of their employment, or the particular kind of service.

No distinction is made between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises and

directs. *Mitchell v. Packard,* 168 *Mass.* 467, 47 *N. E.* 113, 60 *Am. St. Rep.* 404; *Hughes v. Torgerson,* 96 *Ala.* 346, 11 *So.* 209, 16 *L. R. A.* 600, 38 *Am. St. Rep.* 105; *Lindquist v. Young,* 119 *Minn.* 219, 138 *N. W.* 28; *Mutual Benefit Life Ins. Co. v. Rowand,* 26 *N. J. Eq.* 389; *Stryker v. Cassidy,* 76 *N. Y.* 50, 32 *Am. Rep.* 262; *Palm Beach Bank v. Lainhart,* 84 *Fla.* 662, 95 *So.* 122; *Williamson v. Hotel·Melrose,* 110 *S. C.* 1, 96 *S. E.* 407; *Evans Marble Co. v. International Trust Co.,* 101 *Md.* 210, 60 *A.* 667, 109 *Am. St. Rep.* 568, 4 *Ann. Cas.* 831; *Continental, etc., Trust, etc., Bank v. North Platte Valley Irr. Co.,* 219 *F.* 438, 135 *C. C. A.* 150; *Central Trust Co. v. Richmond N. I. & B. R. Co. (C. C.),* 54 *F.* 723.

Attention has been called to the fact that it was necessary to amend the law to permit architects to file a lien for their services, from which it was argued that this shows indirectly that those who render services in any other capacity than mechanics or laborers, are not entitled to the protection of the statute. We cannot agree with this position, and it does not appear to be substantiated by the authorities. In fact, many authorities make a distinction between architects and superintendents, allowing the latter to obtain a lien but refusing the former. In the case of *Mitchell v. Packard,* 168 *Mass.* 467, above cited, the plaintiff had rendered services as both architect and superintendent, his lien as architect being refused, and that as superintendent being allowed.

 It was further contended on behalf of the plaintiff in error that the plaintiff was not entitled to avail himself of the statute, under the state of facts presented by the record.

As previously stated, the record discloses that a contract was entered into, for furnishing labor and material, and that the labor performed and material furnished by the plaintiff was done in pursuance of said contract.

Certain labor and material was furnished by the plaintiff from March, 1921, to October, 1921, after which time nothing further was furnished by him until April, 1922, when the following items were charged: April 5, 1922, George Hastings, one hour at $.55—$.55; April 5, 1922, J. T. Melson, one hour at $.60—$.60; four lights,

$2.25; making a total of $3.40. The record further discloses that the moving picture theater was temporarily opened in September, 1921, the windows being closed with metal; also that plaintiff waited from October, 1921, to April, 1922, for defendant to get the necessary material for him to complete the building as he had contracted to do, then got it himself· and did the work. These facts were testified to by the plaintiff, and they not only were not denied by the defendant, but no testimony whatever was introduced in his behalf. Can it be denied that this testimony, standing alone, as it does, and uncontradicted, clearly shows that the plaintiff furnished both labor and material for the erection of the building? It is quite true that very little material was supplied by the plaintiff, and that the value of the same was insignificant, but that fact cannot have any bearing on his status as a contractor, as the statute does not specify that any particular amount of labor or material shall be furnished.

The argument is advanced that these facts show that there was a substantial completion of the building in October, 1921, the work done in April, 1922, being of such a trivial nature that it would not be considered necessary for the completion of the building; that consequently the lien was not filed in time to meet the requirements of the statute, and the court should, therefore, have instructed the jury to render a verdict for the defendant. What constituted a substantial completion of the building must be determined from the evidence introduced at the trial and now shown by the record. Whether there was such a completion of the building was one of the questions which the court left for the determination of the jury. It was further argued that the time for filing a lien could not be extended by a delay for a considerable time to do a small piece of work necessary to fully complete a building, and that after a contract is substantially completed there must be no unnecessary or unreasonable delay, under all the circumstances, in fully completing the work. A number of authorities were cited in support of this position, but many of them are not helpful to the case now before the court. In the case of *Cooley v. Holcomb,* 68 *Conn.* 35, 35 *A.* 765, the work relied upon to bring the claim within the statutory period consisted of putting

new stops to two windows, putting window fastenings on, and planing tight places to ease the running of the windows.

In the case of *Women's Homeopathic Asso. v. Harrison,* 120 *Pa.* 28, 13 *A.* 501, the material furnished consisted of two soapstone hearths, which, as a matter of fact, were furnished gratuitously, to take the place of others previously furnished, and a small portable laundry stove for heating flatirons. In the case of *Dole v. Bangor Assoc.,* 94 *Me.* 532, 48 *A.* 115, the work relied upon was the installation of a cut out cabinet in connection with the wiring of a building, which was ordered by the inspector nearly a year after the plaintiff had left the job. The plaintiff also testified that one of the chief reasons for not putting in the cabinet was because he did not have time. In the case of *Wood v. Haney (Tenn. Ch. App.),* 41 *S. W.* 1072, the plaintiff was a subcontractor to do the plastering in a building which was practically completed in 1892; it changed hands and plaintiff did some work in September, 1893, his lien being filed in November, 1893; the work consisted of putting on a thin coat of white coating in one little room.

In the case of *Schwab & Sons Co. v. Frieze,* 107 *Mo. App.* 553, 81 *S. W.* 1174, material furnished consisted of an ash pit door for a furnace to replace one which had been broken in transit; the statement rendered by the plaintiff showed a charge for said door, but also a credit for it on the same date.

In the case of *Bisbee Co. v. Granite City Investing Corp.,* 159 *Minn.* 238, 199 *N. W.* 17, the plaintiff contracted to furnish the terra cotta necessary for the erection of a building, the material relied upon was sent to replace a portion of the original which was found to be chipped.

The material furnished in the case now before the court was of an entirely different nature, being for a marquise or canopy extending over the street, which certainly is a very useful part of a moving picture theater.

There is no conflict between the authorities as to the proposition that the time for filing a claim in a mechanic's lien proceeding, is computed from the date when the last item of work, labor or mate-

rials is done, performed or furnished, and that principle is, undoubtedly, correct. But the work performed and materials furnished must be required by the contract, and whatever is done must be done in good faith for the purpose of fully performing the obligations of such contract, and not for the mere purpose of extending the time for filing lien proceedings.

Therefore, the performance of labor or the furnishing of materials of a trivial character which are not expressly provided for by such contract and after it has been substantially performed will not ordinarily extend the time for filing a mechanic's lien; this is especially true if such performance has been considered and treated by the parties as final and complete. *O'Driscoll v. Bradford,* 171 *Mass.* 231, 50 *N. E.* 628; *Hubbard v. Brown,* 8 *Allen* (*Mass.*) 590; *Billings Co. v. Brand,* 187 *Mass.* 417, 73 *N. E.* 637; *Monaghan v. Putney,* 161 *Mass.* 338, 37 *N. E.* 171; *Miller v. Wilkinson,* 167 *Mass.* 136, 44 *N. E.* 1083; *Martin Tire Co. v. Kelly Tire & Rubber Co.,* 99 *Conn.* 396, 122 *A.* 102; *Voightmann & Co. v. Wilmington Trust Building Corp.,* 7 *Penn.* 265, 78 *A.* 926; *Ferguson Lumber Co. v. Scriber,* 162 *Ark.* 349, 258 *S. W.* 353; *Nelson Co. v. Weyl,* 71 *Ind. App.* 674, 125 *N. E.* 466; *Lee Canfield Lumber Co. v. Heinbaugh,* 184 *Iowa* 149, 168 *N. W.* 776; *U. S. Cast Iron Pipe Co. v. Henry Vogt Mach. Co.,* 182 *Ky.* 473, 206 *S. W.* 806; *Neely v. Internat. Corn Products Corp.,* 232 *Mich.* 81, 205 *N. W.* 96; *Lamoreaux v. Andersch,* 128 *Minn.* 261, 150 *N. W.* 908, *L. R. A.* 1915D, 204; *Watts-Campbell Co. v. Yuengling,* 125 *N. Y.* 1, 25 *N. E.* 1066; *General Fire Extinguisher Co. v. Schwartz Bros.,* 165 *Mo.* 171, 65 *S. W.* 318; 40 *C. J.* 203-205.

In the case under consideration the plaintiff testified as follows:

"The material furnished in the year 1922 was for completing the building as per contract." "I completed the building on April 5, 1922." "We lacked the glass. Now, in October, 1921, they were short, and it seemed hard to get the glass that went in the front window up above—pretty large windows; so, when they got those windows, we put them in. Mr. Breeding got them, and then we were still short of material, and couldn't finish the job." "We were short of art glass for the marquise. I said to Mr. Breeding, 'You had better order them lights, so that we can put them in;' so whether he ordered them or not, I can't say—I don't know." "What arrangement was made about furnishing that glass?" "Well, I waited a considerable time, * * *

so I went to work and got the glass and put it in myself with the aid of Mr. George Hastings." "Well, I waited until April 5, and I went over and put it in."

No testimony was produced by the defendant in the court below, but as we view the record that court could not have said as a matter of law that there was no evidence to support the plaintiff's claim that the building was not completed until April 5, 1922. *Monaghan v. Putney*, 161 *Mass*. 338, 37 *N. E.* 171. That court, therefore, committed no error in submitting the question involved to the consideration of the jury, and the judgment should be affirmed.