Common Pleas Court of Hamilton County.

A. C. MCKENZIE V. LOUIS E. JACOB ET AL.

Decided, January Term, 1928.

*Kelley & Remke*, for plaintiff.

*L. M. Levinson* and *Bates, Stewart & Skirvin*, for defendants.

STRUBLE, J.

The plaintiff claims a mechanic's lien upon the premises of the defendants, fully described in the petition, in the sum of $920, for labor and material for brick work in the construction of the dwelling upon the said premises.

The plaintiff was the sub-contractor as to this work of one Joseph I. Phillips, who was under contract with the defendants, Louis and Hilda Jacobs, to construct said dwelling according to certain plans and specifications, for the sum of $9,500.

The defendants deny the validity of this mechanic's lien on the ground that the affidavit required by Section 8314, General Code of Ohio, to be filed for record with the county recorder of this county, was not filed within sixty days from the date the last of such material was furnished at the building or the last of the labor was performed, as required by the aforementioned section of the General Code.

The brick work was substantially completed on July 18, 1923.

The affidavit for the mechanic's lien was not filed for

record until January 4, 1924, approximately five and one-half months after the substantial completion of this brick work.

The plaintiff, however, alleges in his petition and offers proof to support the same, "that the specifications for the erection of said building and under which and in accordance with which his work was done, required that as part of his work, when notified by the proper parties and at the proper time, he should return to the building and clean the brick work erected by him, and he says further that he with his employes, at the proper time, to-wit: on or about the 12th day of November, 1923, presented themselves at the building for the purpose of cleaning said brick work and thus completing his part of the work, but that the defendants, Louis E. Jacob and Hilda Jacob, refused to allow plaintiff to complete his contract in that respect, although plaintiff has always been ready and willing to do so."

The plaintiff claims that November 12, 1923, by force of the tender of the labor to finish this brick work, is to be considered as the date from which the sixty day period is to be counted for the filing of the affidavit for mechanic's lien for record with the county recorder.

While the proof shows conclusively that the plaintiff did present himself at the residence of the defendants November 12, 1923, and make an offer to point up and clean the brick work, which offer the defendants refused to accept and denied him the privilege of doing, yet the testimony as a whole indicates quite clearly that this offer of plaintiff to complete this brick work was not made in the *bona fide* belief that there was any work there that he was required to do, or that the defendants wished him to do, or would permit him to do.

This visit of the plaintiff on November 12, 1923, to the home of the defendants was to create an epoch, strike an attitude, to be pointed to as the date from which to calculate the sixty day period for filing the affidavit for mechanic's lien with the Recorder.

The plaintiff had been to the home of the defendants a week previous and had been told by them then that the

work of pointing up and cleaning the brickwork had been done a month previous by themselves, and that there was nothing they wanted or would permit plaintiff to do to the brick work.

The head contractor, Phillips, had been requested, according to the testimony, some time before defendants had done this work themselves, to clean this brickwork, but Phillips refused to do so, claiming that the brick work had been finished and that the defendants by taking over the building had accepted the same as completed, and that he had no further responsibility as to the brick work or any other work in connection with this building.

It appears from the testimony that the defendants moved into this building in September, 1923, and as there is no proof that as a condition to moving in the head contractor was to do further work on this building, the fair inference to be drawn from this is that the defendants accepted this dwelling as complete.

The contractor did nothing after the defendants moved into this dwelling, and the proof is that they themselves pointed up and cleaned this brick work. This evidence is additional proof that when the defendants moved in they understood that they were accepting this dwelling as completed.

The testimony shows that the plaintiff was continually after Phillips, the head contractor, for the payment of his bill for this brick work from the time of the substantial completion of the brick work, July 18, 1923, up until the time in November, when he began to make an effort to have the defendants pay his bill.

The proof further shows that the defendants did not know of plaintiff's unpaid bill for brick work, or even that he had done this work until his visit to them about November 5, 1923.

A significant item of evidence is a letter dated November 8, 1923, written by Phillips to the plaintiff. This letter is as follows:

"Cincinnati, Ohio, November 8, 1922.
"Mr. A. C. McKenzie, Cinti., O.
Dear Sir:
Please send a man to clean a few spots on brickwork

you did at Bowman Terrace, also some parts of the brick-work require pointing up.

Yours truly,<br>Joseph Philips."

The plaintiff testified that he asked Phillips to write him this letter, yet at the time, the proof shows that plaintiff knew defendants did not want him to do any work, nor would they permit him to do any work in the way of pointing up or cleaning this brick work, as they had told him that it had already been done by themselves, and Phillips had taken the position that there was none to be done by him, nor would he do any further work on this dwelling house, presumably on the ground that defendants had taken over this dwelling and by so doing had accepted the same as complete.

This letter cannot be accepted as *bona fide* proof that there was still work there necessary to be done by plaintiff to complete his brick work.

A necessary deduction from the proof is that when the defendants moved into this dwelling in September, 1923, that they accepted the same as completed, brick work and all.

This would leave July 18, 1923, the date of the substantial completion of this brick work, as the date from which to calculate the sixty day period for filing the affidavit for mechanic's lien.

The acceptance by the defendants of this dwelling as complete, without any reservation as to work yet to be done, would leave plaintiff entirely out of the picture, because his obligation to return after his substantial completion of the work July 18, 1923, was merely conditional and was required of him only when notified to do so by the proper parties and at the proper time.

The plaintiff admits this in his petition by this allegation on page 3 of the petition, to-wit:

"When notified by the proper parties and at the proper time, he should return to the building and clean the brick work erected by him."

The letter of Phillips before mentioned was inspired by the plaintiff, according to his own testimony, to give

an appearance of reality, or rather to establish an obligation against him to return and do some further work on this dwelling. At this time there was no obligation on the part of the plaintiff to do any further work on this brick work and this notice of Phillips to do so clearly would be of no effect because defendants had accepted the dwelling as complete and had done the work themselves.

Clearly this notice of Phillip was not *bona fide,* nor was it given in time. At the time this notice was given there was no proper party to give any such notice, nor was the notice given in time, for the reason that the relations between Phillips and the defendants had terminated by the acceptance of their dwelling house by the defendants as complete.

Phillips had surrendered possession of this dwelling at the time he gave plaintiff this notice, and it does not appear that he reserved any right from the defendants at the time of the surrender of the possession of these premises to go into the same to do any work. It seems clear that, if at the time of the surrender of the possession of these premises there was any work to be done by Phillips under the contract, there would have been some agreement between the parties concerning the same.

Phillips was not a "proper party" to give any such notice, because his authority in the matter had been terminated.

The defendants never were "proper parties" to give plaintiff such notice, because they never did have any contractual relations with him.

The "proper time" to give such notice had passed when the parties terminated their contractual relations, as evidenced by defendants taking possession of the dwelling and by doing so, in legal effect, accepting the same as completed.

The tender of work, or had plaintiff actually done any work on these premises under the circumstances of this case, the same would have been a mere gratuity on his part.

The plaintiff could have been held as a trespasser had he attempted to do any work on these premises of the de-

fendants November 12, 1923, under the circumstances of this case.

He had finished the brick work July 18, 1923, and could not be required to go back to point up and clean the same, because the proper time to do so had passed and there was not at that time any person with any right to order him back to do any work.

There is no custom of the trade, nor any rules and regulations of the Building Commissioner of Cincinnati, that have any bearing upon the matter, for the simple reason that plaintiff's rights and obligations are to be determined by his contract, which is made up from his bid to do this brick work according to the plans and specifications and its acceptance by Phillips.

It is mere repetition, I know, but it must be noted, and the court is seeking to emphasize the fact that plaintiff did not obligate himself to go back and clean up this brick work by the contract he made with Phillips for the work, except upon notice to do so by the "proper parties" at the "proper time"; hence there being no notice by the "proper parties" nor at the "proper time," plaintiff never was obligated to go back to finish and clean up this brick work.

This tender of November 12, 1923, was not of any work plaintiff was obligated to do under his contract, and cannot be considered as extending the time for filing a lien on the work that he had substantially completed July 18, 1923.

The essential fact to be determined in every case is as to whether or not the material furnished or labor performed was essential to the carrying out of the contract for furnishing of material or the performance of labor. If the same was not in pursuance of the contract, the date at which such material was furnished and labor performed cannot be treated as the date from which to calculate the period for filing a mechanic's line for material and labor furnished under the contract.

In *O'Driscoll* v. *Bradford*, reported in 171 Mass., 231, cited by counsel for the defendants, the petitioner was employed by a sub-contractor to plaster a house and build the chimneys. He substantially finished his work May 20.

About this time the head contractor and the sub-contractor, who had employed petitioner to do this plastering, abandoned their contracts for the construction of the building with the owner of the building. The petitioner went back July 13 and 22 and did some patching of the plastering which had been disturbed in putting on the finish. He filed his certificate for the lien August 11. By the Massachusetts law he had thirty days from the finishing of his work within which to file his certificate for the lien. The court held that the certificate, which was not filed until August 11, was unseasonably filed.

The court says in the second paragraph of the syllabus:

"The labor furnished after May 20 was not furnished under a contract made with the consent of the respondent" (that is the owner of the building).

Quoting further from the opinion of the court as follows:

"When the contracts of Delaney and Marquis were abandoned, and the respondent took possession of the building to complete it, the only authority under which the petitioner was working there was terminated. He was entitled to a lien for all that he had done up to that time, but work done after the original contractor and the first sub-contractor had lost their rights to continue the work through their failure to perform their contracts, and after the owner entered into possession for the purpose of completing the building on her own account, cannot be held to have been done with the owner's consent."

The point here was that petitioner's contract also had been abandoned by the abandonment of their contracts by the head contractor and the sub-contractor, and the patching by the petition under such circumstances was wholly gratuitous and without authority of the owner.

In other words, it was not done in the carrying out of any contract then in existence.

In *Sulzer-Vogt Machine Co.* v. *Rushville Water Co.*, 160 Indiana, page 207, cited by counsel for the defendants, it will be seen that the basis of the court's holding is that the machinery, etc., contracted to be furnished having been finished and the same accepted, the contract was terminated, and the date from which to calculate the time for

filing liens as to the furnishing of such material was the date the same was furnished.

Additional material furnished after the acceptance of the machinery, according to the court's holding, might not be made the basis of extending the time for filing a lien as to the original work and machine furnished.

The contractual relations between the parties having ended, the right to furnish additional material had also ended.

The court has this to say in its opinion:

"After the owner had accepted the boiler, fixtures, etc., as fully completed, and had for more than four months been in possession thereof, the contractor ceased to be the agent of the owner, in the absence of an objection by the latter that the contract had not been completed, to order additional materials that might be made the basis for an extension of the time in which to file a lien for the original work and materials furnished by the sub-contractor."

In *Koblitz* v. *Arnold*, 22 C. C. (N. S.), 410, the facts are very similar to the facts in the pending case. Quoting from the syllabus:

"When the roof on a building has been substantially completed and the property sold, the purchaser making what repairs were necessary at that time, the contractor cannot by making repairs to the roof ten months later, during the owner's absence and without his consent, extend the time for filing his mechanic's lien."

The point the court had in mind was that the property had been sold and the purchaser was in possession of the same at the time the contractor slipped back to make the repairs.

The contractor had no right at that time to do any work on this property after it had been sold, and the purchaser was in possession of the same at the time the contractor slipped back to make the repairs.

There had been a sale of the property and delivery of possession to the purchaser, and the effect of this was to abandon or nullify this contract with the roofer for work on the roof of this building. His remedy, if any he had,

was in damages against the seller, with whom he had made his contract for the roofing.

The court, in effect, held that the lien holder's contract for roofing this house with slate was substantially completed at the time of the sale of the premises. The point is, his contract had been terminated; but the court could have given a more conclusive reason for the contract having been terminated by placing it upon the ground that the house had been sold and possession delivered to the purchaser.

Material furnished or labor performed must be in pursuance of the contract for the furnishing or the doing of the same to warrant the date at which the same was furnished to be considered as the date from which to count the time for filing of the lien.

The conclusion of the court in the pending case is that the plaintiff did not file in his lien within a seasonable time.