EARL L. VAN DEN HEUVEL, Plaintiff, v. STANLEY WISNULUSKI, also known as Stanley Wisniewski, Defendant.

(*April* 1, 1954.)

Heard by RICHARDS, P. J., without a jury.

*Gustave A. Peterson* for Plaintiff.

*Anthony F. Emory* for Defendant.

Superior Court for New Castle County, No. 234, Civil Action, 1952.

RICHARDS, P. J.:

As shown by the testimony, the plaintiff contracted with the defendant to grade the lawn on his property at 1105 South Rodney Street; he started to do the work on October 3, 1951, completed it on October 8, 1951.

Subsequently water and sewer pipes were put in on the property making it necessary to have some additional filling in

done. The defendant engaged the plaintiff to make the additional fills and he did the work on December 22, 1951.

Title 25, paragraph 2711(a), of the *Code of* 1953, provides that in order to obtain a mechanic's lien, a contractor must file his statement within 30 days after the expiration of 90 days from the completion of any structure contracted for by him and upon which he desires to secure a lien.

There is a conflict of testimony as to the work which the plaintiff claims to have done on defendant's lawn on December 22, 1951, but it clearly appears that he commenced the original work of grading the lawn on October 3 and completed it on October 8, 1951. The plaintiff's testimony as to this is undisputed.

Admitting that the plaintiff did make an additional fill on defendant's lawn on December 22, 1951, I am convinced that it was not a part of the original work of grading the lawn which he contracted to do, but was made necessary by running the water and sewer pipes in the property.

It was not work of a trivial nature, but something which was not foreseen at the time the grading was done.

There was a substantial performance of the original contract on October 8, and the work which the plaintiff did on December 22, did not extend the time for filing a mechanic's lien. *Breeding v. Melson,* 4 *W. W. Harr.* (34 *Del.*) 9, 143 *A.* 23, 60 *A. L. R.* 1252.

The plaintiff, having finished the work of grading the lawn on October 8, 1951, he was required to file a mechanic's lien statement within 30 days after the expiration of 90 days from that time in order to secure a lien on the property.

The mechanic's lien statement was filed on March 21, 1952, which was not within the time required by statute.

Judgment for defendant for costs.