**Joe W. BYLER, Plaintiff Below, Appellant,**

v.

**Ernest A. SUTTLES and Jeanette B. Suttles, Defendants Below, Appellees.**

Supreme Court of Delaware.

Sept. 24, 1973.

James H. Hughes, III and Ernest V. Keith, Dover, for plaintiff below, appellant.

William M. Chasanov, of Brown, Shiels & Barros, Georgetown, for defendants below, appellees.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

PER CURIAM:

Plaintiff-appellant Joe W. Byler ("Byler") is a contractor who was hired to construct a house for defendants-appellees, Ernest A. and Jeanette B. Suttles ("Suttles"). Because of a failure to agree on certain aspects of the job, both parties ceased to honor the original agreement in the Fall of 1969. On January 7, 1969, the parties agreed that all work was to be completed by January 13, 1969. Byler testified during discovery that the Suttles' home was "99.9% complete on January 13, 1969." Byler returned to the premises on February 21, 1969, to perform some unrequested labor for which the total bill was $8.37 for one and one-half hours work. Byler filed a mechanic's lien on June 20, 1969, against the property for labor and materials performed and furnished prior to January 13, 1969.

The Superior Court below dismissed the action on the grounds that the work done on February 21 was trivial and therefore insufficient to warrant computation of the mechanic's lien limitation period from February 21 rather than January 13. It then ruled that the June filing date was outside the 120-day statutory period provided by the mechanics' lien statute, 25 Del.C. § 2711 (1953).

This appeal presents the issue of whether the work performed on February 21 was so trivial as not to affect the 120-day limitation period of the mechanics' lien statute.

We hold that the Court below was correct in finding that Byler had substantially completed his work on January 13, 1969, and that his work on February 21, 1969, was not sufficient to interrupt or toll the statutory period. Breeding v. Melson, Del.Supr., 4 W.W.Harr. 9, 143 A. 23 (1927); Van Den Heuvel v. Wisnuluski, Del.Super., 9 Terry 377, 104 A.2d 381 (1954).

The appellant has raised no other question as to the judgment of dismissal. We accordingly will affirm that judgment without discussing the possible application

of the ruling made in Lance Roofing Co. v. Globe-Union, Inc., Del.Super., 4 Storey 514, 180 A.2d 746 (1962), nor do we determine the validity of that decision.

Affirmed.