## JOHN A. WORTHEN *vs.* ELIAS R. CLEAVELAND.

Middlesex.   Jan. 7. — June 23, 1879.   COLT & ENDICOTT, JJ., absent.
Jan. 13. — Oct. 22, 1880.   COLT & LORD, JJ., absent.

If a petition to enforce a mechanic's lien, under the Gen. Sts. c. 150, is filed in
vacation, the order of notice issued under the St. of 1871, c. 78, need not be
made returnable at the next term.

On a petition to enforce a mechanic's lien, it appeared that the respondent agreed
to convey a parcel of land c a person on condition that the latter should build
a house upon the land within a certain time. This person made a contract with
the petitioner to build a cellar wall warranted to stand. The wall was com-
pleted, but was afterwards injured by the action of the frost, and was repaired
by the petitioner after his employer's authority to bind the respondent had
ceased. The petitioner filed his statement of lien more than thirty days after
he completed the wall, and within thirty days after he made the repairs. *Held*,
that, if he made the repairs without the authority of the respondent, he could
not enforce his lien; otherwise, if he acted in good faith to fulfil his warranty,
at the request of the respondent, the latter having knowledge of the terms of
the contract under which the wall was built.

If the finding of a judge, who tries a case without a jury, is the answer to a ques-
tion framed, and the answer depends wholly on the view of the law taken by
the judge on a point on which a ruling is asked, and is adverse to the ruling
asked, the whole matter is open on a bill of exceptions.

PETITION, under the Gen. Sts. c. 150, to enforce a mechanic's lien for labor performed in building the cellar of a dwelling-house on land of the respondent in Melrose. Trial in the Superior Court, without a jury, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

On May 15, 1876, the petitioner filed his lien statement in the office of the town clerk of Melrose; and on July 15, 1876, filed his petition in the clerk's office of the Superior Court, in vacation. On October 28, 1876, an order of notice was issued returnable at December term following. The respondent contended that the order of notice should have been issued in season to be returnable at September term, and that the petitioner by his delay had lost his lien, if he ever had one. This objection was overruled.

On October 4, 1875, the respondent executed an indenture with John B. Canfield, by which he agreed to convey the land on which the lien was claimed to Canfield, upon the performance by the latter of certain conditions, one of which was to erect a dwelling-house thereon on or before January 1, 1876, and another was that Canfield should repay to the respondent all moneys advanced by him for the erection of the building. The time of performance was afterwards extended to April 1, 1876.

After the making of this indenture, in the same month, the petitioner made a contract with Canfield to furnish the materials and build a concrete cellar for a dwelling-house upon the land for the sum of $200. The cellar was to be built so as to stand, and was warranted to stand. The cellar was finished in the latter part of November 1875, except its liability to fall down from the action of the frost, but there was no acceptance of the work. In the course of the following winter, portions of the concrete fell down, and the walls were damaged by the action of the frost. In February and April 1876, this fallen concrete and the damaged walls were remedied. The last work done by the petitioner on the cellar in restoring it to the condition called for by his contract, after the action of the frost, was on April 17, 1876.

The respondent asked the judge to rule that the contract of the petitioner was completed in November 1875; that the

alleged warranty of the cellar wall would not entitle him to keep alive his lien, if any, by any subsequent labor on it; and that, therefore, he did not file his statement in the town clerk's office within the time required by law. The judge declined so to rule.

One of the issues framed was, "Did the petitioner file his certificate of claim within the time specified by law?" The answer to this was, "Yes." The respondent then asked the judge to rule that the petitioner was not entitled to recover. The judge declined so to rule; and found for the petitioner. The respondent alleged exceptions.

*C. S. Lincoln*, for the respondent.

*A. H. Briggs & E. B. Smith*, for the petitioner.

SOULE, J. The suit for enforcing a mechanic's lien for labor or materials done or furnished in the erection or alteration of a building may be begun by filing a petition in court, in term, or in the clerk's office in vacation; Gen. Sts. *c.* 150, § 8; or by inserting the petition in a writ to be served, returned and entered as are writs in other cases. § 9. When the suit is begun by petition not inserted in a writ, "the court in which the petition is entered, or the clerk thereof in vacation, shall order notice to be given to the owner of the building or structure, that he may appear and answer thereto at a certain day in the same term, or at the next term, by serving him with an attested copy of the petition with the order of the court or clerk thereon, fourteen days at least before the time assigned for the hearing." St. 1871, *c.* 78. This statute differs from the Gen. Sts. *c.* 150, § 14, for which section it was substituted, only in giving authority to the clerk to issue the orders named in it in vacation. The same provision was in the Rev. Sts. *c.* 117, § 7, as in the Gen. Sts. *c.* 150, § 14. It has been repeatedly held that those statutes did not require the order of notice to be issued during the term at which the petition was entered, nor to be returnable at that term or at the next term. The court gets jurisdiction of the petition by virtue of the entry, and has a discretion to assign a time for hearing whenever in its judgment it may be most beneficial for the parties to have the time fixed. The notices to the parties are in season if given after the assignment is made, and are in other respects in conformity to the requirements of the

statutes. *Rockwood* v. *Walcott*, 3 Allen, 458. *Donnell* v. *The Starlight*, 103 Mass. 227. The objection of the respondent to the proceedings, that the petitioner had not any rights by reason of the delay in obtaining the order of notice, was properly overruled.

The petitioner did not perform labor on the respondent's land under any agreement with him. He did certain work in building a cellar wall in the fall of the year 1875, under a contract with Canfield, by which contract he warranted that the wall should stand. The wall was completed in November. Canfield caused the wall to be built pursuant to a contract with the respondent, which contemplated the erection of a building by Canfield on the premises before January 1, 1876, as a condition precedent to the conveyance of the premises to Canfield; another condition being that Canfield should repay to the respondent all moneys advanced by him for the erection of the building. The time of performance was afterward extended to April 1, 1876. If the petition had been filed within the time required by statute after the petitioner ceased working in November, the relations of Canfield to the respondent under their contract were such as to enable the petitioner to maintain a lien for whatever might be due him for his labor. *Hilton* v. *Merrill*, 106 Mass. 528. Canfield at that time had authority to erect a building on the premises, and an implied consent from the respondent to the employment of the petitioner to aid in the work. This implied consent grew out of the contract, and when the time specified in the contract, as extended, had elapsed without fulfilment by Canfield of his duty under the contract, so that he no longer had the right to erect a building or to call on the respondent for advances of money for the building, or to require of him a conveyance of the land, the implied consent that Canfield should employ others to aid in erecting the building had ceased to exist. The work done by the petitioner in the month of April was in the nature of repairs, for the purpose of making good his warranty of the stability of what he did in the previous October and November, and cannot be regarded as consented to by the respondent by reason of the authority conferred on Canfield under a contract which had expired. *Rockwood* v. *Walcott, ubi supra.* There is nothing in the case of *Hilton*

v. *Merrill, ubi supra,* which conflicts with the views here expressed. In that case, the owner of the land had contracted to convey it to Potier whenever he should pay a certain price for the land, and all moneys advanced for building the house, with interest, so that, though the work for which the plaintiff sought to maintain a lien was done after the time when by the contract the house was to be completed, it was done while Potier still had the right to build and to call for a conveyance.

The learned judge who tried the case in the Superior Court erred, therefore, in refusing to rule, as requested by the respondent, that the contract of the petitioner was completed in November 1875, and that the alleged warranty of the wall would not entitle him to keep his lien alive by any subsequent labor on it. For, although the language of the prayer may be capable of another construction, it must have been understood to ask a ruling that, the petitioner having built the entire wall called for by his contract in November 1875, the alleged warranty would not entitle him to keep his lien alive by subsequent labor on it in the spring months of 1876.

The finding of the learned judge, that the petitioner filed his claim in season, is apparently a finding of fact, and it is well settled that a finding of fact by a judge in the trial of a cause without a jury cannot be reviewed by this court. *Turner* v. *Wentworth,* 119 Mass. 459. But this so-called finding of fact is the answer to a question framed for the purpose of having the reply indicate whether, in the opinion of the judge, the work done in the month of April 1876 was done under such circumstances that a lien could be maintained by virtue of it. This was the only question in dispute. There was no controversy between the parties as to the date of ceasing to work in April and that of filing the certificate. As the answer to the question depended wholly on the view of the law taken by the judge on a point on which a ruling was asked, and was adverse to the ruling asked, the whole matter is open to the examination of this court on the bill of exceptions. *Exceptions sustained.*

Upon a second trial in the Superior Court, without a jury, before *Gardner,* J., the petitioner offered evidence tending to

show that the contract between himself and Canfield was made by the respondent personally with the petitioner, the respondent acting as the agent of Canfield; that, in April, the respondent complained to the petitioner that the cellar was falling down, and requested the petitioner to see to it; that, in March, the petitioner asked the respondent for money upon his contract for building the cellar, and the respondent answered, " As soon as you have got your job finished, we will try and get you some money;" and that the respondent knew of the work being done in April, at the time the same was done. All this evidence was controverted by the respondent.

There was also evidence that, in November, the petitioner left off work upon the cellar, and that, if the wall stood, it was completed; that, from the exposure of the cellar, the work done upon it in April could not have been properly done at an earlier date.

The respondent requested the judge to rule as follows : " 1. Any work which the petitioner did, required in consequence of the action of the frost, is in the nature of repairs, and will not operate to keep alive his lien. 2. The petitioner's warranty, contained in the contract with Canfield, does not bind him against the action of the frost. 3. If the petitioner's contract was completed before the repairs were made, the petitioner did not file his certificate within the thirty days from the time when he ceased to labor. 4. Canfield's rights under the contract ceased on April 1, and he could authorize no work upon which a lien could be enforced. 5. A promise by the respondent to pay the bill subsequent to the completion of the work will not create a lien."

The judge gave the third, fourth and fifth rulings, but declined to give the first and second rulings, and ruled as follows : " If the contract made by the petitioner with Canfield was to build the cellar and warrant it to stand, and if the cellar was built by the petitioner in October and November, and supposed by him to be finished, and if, by the action of frost in the following winter, parts of the cellar wall fell, and the petitioner in the following April, in good faith, worked upon the cellar for the purpose of making good his warranty

contained in his contract with Canfield, and if such labor done by the petitioner was with the knowledge and consent, and upon the request, of the respondent, and if the respondent knew the terms of the contract made between the petitioner and Canfield, in relation to the petitioner's building the cellar, such labor performed in April would operate to keep alive the petitioner's lien; but if such labor was not in fact consented to by the respondent, it would not operate to keep the lien alive."

The judge also found that the petitioner made the agreement with and furnished the labor for Canfield by authority and consent of the respondent; that Canfield did not perform the conditions of the indenture between himself and the respondent; that the petitioner filed his certificate of claim within the time specified by law; that the petitioner's claim was just and true; that the petitioner commenced this petition within the time specified by law; and thereupon found for the petitioner. The respondent alleged exceptions.

*Lincoln*, for the respondent.

*Smith*, for the petitioner.

SOULE, J.　The judge of the Superior Court, who tried this case without a jury, must have found, as matters of fact, that the petitioner worked on the cellar in April, in good faith, for the purpose of making the cellar as good as he had warranted that it should be, and that he did this with the knowledge and consent of the respondent, and at his request, the respondent knowing the terms of the contract between the petitioner and Canfield for the building of the cellar. Unless all these facts were found, a decision for the petitioner could not have been made under the rulings of the court.

The facts thus found present the case in a different aspect from that which it assumed when it was first before us. It was then the case of a petitioner who, having contracted to do certain work for one who had agreed with the owner of the land to erect and complete a house on it before a certain date, did his work, as he supposed, according to his contract, and afterward, finding that his work was not well done, voluntarily, and without authority from any one, did further work, of the nature called for by his contract, after the time for completing the

house had passed, and when no one had authority from the owner to do any work on the premises.

The evidence on which the findings of the court were based is not reported, and we must take the findings as correct. It appears from the bill of exceptions that there was evidence which would have justified a finding that the petitioner understood, from the representations of the respondent to him, that the work done in April would be regarded as done under and in performance of the contract made in the previous October between the petitioner and Canfield. In this state of facts the rulings asked for in the first two requests of the respondent were properly refused, as not being appropriate to the case made by the evidence, and the ruling actually made on the matters covered by those requests was sufficiently favorable to the respondent. We therefore find no error in the rulings.

*Exceptions overruled.*