BERNARD D. WINER *vs.* SAMUEL ROSEN.

Suffolk. October 17, 1918. — December 11, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Mechanic's Lien.*

Upon a petition to establish a mechanic's lien for work and materials under R. L. c. 197, it appeared that the work and materials were furnished under a contract in writing "for the construction of a First-class Low Pressure Steam Heating Apparatus," in which it was declared that the specifications were "intended to cover everything necessary to make a first class warming apparatus," that after the work was supposed to have been completed and the heating plant had been in use for more than a month the petitioner and the respondent each received a notice in writing from the State boiler inspector that a certificate of inspection, without which the boiler could not be operated lawfully, would be withheld until certain specified changes were made in the safety valve and the steam gauge, that immediately on receiving the notice the petitioner went to the premises with the inspector, who showed him what work was required, and that within two days from the time of receiving the notice the petitioner had completed the changes in compliance with the notice. The petitioner's statement of lien was filed in the registry of deeds within thirty days after the completion of such changes. There was nothing to show that the work upon these changes was not done in good faith or that it was done for the purpose of reviving a lien. *Held,* that the work upon the changes was required for the completion of the petitioner's contract, and that he was entitled to have his lien established.

PETITION, filed on February 16, 1916, under R. L. c. 197, to enforce a mechanic's lien for labor and materials furnished under a contract in writing described in the opinion.

The respondent's amended answer contained an allegation that the petitioner did not comply with the provisions of R. L. c. 197, § 6, "in that he did not file his claim for a lien until more than thirty days after the completion of his work had passed."

In the Superior Court the case was heard by *Dana,* J., without a jury. The evidence is described in the opinion. At the

close of the evidence the petitioner asked the judge to make eight rulings, one of which was made by the judge and three of which were waived by the petitioner. The others were as follows:

"1. That upon all the evidence the petitioner is entitled to establish his lien."

"5. The evidence being to the effect that the owner of the premises made the contract for the furnishing of the labor and materials for the steam heating plant and that part of the materials and labor was furnished as late as November 27, 1915, December, 1915, and January 8 and 10, 1916, and that the petitioner claimed a lien on January 13, 1916, and duly recorded the same in the registry of deeds, that he filed his petition to enforce said lien on February 16, 1916, then the petitioner has brought himself within the R. L. c. 197, § 6, and is entitled to establish his lien."

"7. R. L. c. 197, § 6, requires that the petitioner should file a claim of lien in the registry of deeds within thirty days after he has ceased to labor or to furnish materials for the building or structure and nothing else, and the evidence having shown that the petitioner ceased to furnish labor and materials on January 10, 1916, that he duly filed a claim of lien in the registry of deeds on January 13, 1916, and that the petition to enforce his lien was filed on February 16, 1916, then the petitioner has brought himself within the provisions of R. L. c. 197, § 6, and is entitled to establish his lien."

"8. That the last work having been done as late as January 10, 1916, and the certificate claiming a lien having been filed on January 13, 1916, then said certificate was seasonably filed and the action was seasonably brought."

The judge refused to make any of these rulings and made the finding which is quoted in the opinion.

The judge also found that the only work that was done within thirty days before January 13, 1916, on which date the statement of lien was filed in the registry of deeds, was putting a steam gauge and safety valve on the boiler on January 10, 1916, "in accordance with the notice of the State boiler inspector, and with a view to make the work conform with the terms of contract." The judge refused to rule that this legally

entitled the petitioner to maintain his lien necessarily as a matter of law.

The judge found that there was due and owing to the petitioner from the respondent the sum of $728.14. He found that the petitioner had not established his lien and found for the respondent. The petitioner alleged exceptions. It was agreed between the parties, that, if this court should be of the opinion that the petitioner was entitled to establish his lien, an entry was to be made, "Petitioner's lien established in the sum of $695.90 with interest from the date that the lien was claimed;" otherwise, an entry was to be made, "Petition dismissed, without prejudice to the right of the petitioner to recover the amount due to him."

*M. H. Steuer*, for the petitioner.

No counsel appeared for the respondent.

CROSBY, J. This is a petition to enforce a mechanic's lien. The case was heard by a judge of the Superior Court, sitting without a jury, who refused to make certain rulings requested by the petitioner and found for the respondent.

The labor and materials were furnished under a written contract between the parties, by which the petitioner agreed to construct and install a low pressure steam heating apparatus in a building owned by the respondent for the sum of $1,250. After the work had been substantially completed and was in use, the petitioner and the respondent each received a written notice directed to the petitioner from the State boiler inspector, which recited that a certificate of inspection would be withheld until orders for certain changes in the work were complied with; and that it would be unlawful to operate the boiler without such certificate. The changes referred to in the notice were as follows:

"1. Remove the safety valve from its present connection and have it placed on a separate connection to boiler of the full size of the valve.

"2. Replace the present steam gauge with one graduated to at least thirty pounds pressure."

The notice was dated and received by the petitioner on January 8, 1916. On that day, which was Saturday, he went to the premises with the inspector, who showed him what work

was required before the boiler could be operated lawfully, and on Monday, January 10, 1916, the petitioner made the changes in compliance with the notice.

The case is before this court upon the petitioner's exceptions to the refusal of the judge to make certain rulings which in substance were that the petitioner was entitled to establish a lien.

The judge found as a fact "that the contract was completed to all intents and purposes in the late fall of 1915, and that the heating plant was in use at such time, although without the steam gauge or safety valve referred to above in the notice of the State boiler inspector, and although such use had been in violation of the State laws." It is a reasonable inference from this finding, and from the refusal of the judge to make the rulings requested, that he was of opinion that the work done on January 10, 1916, was not in performance of the contract. He did not find that it was not done in good faith, and there is nothing to show that the petitioner did it for the purpose of reviving a lien. The record shows that immediately after being notified by the inspector that the work was not done in compliance with the laws of the Commonwealth, the petitioner made the changes required. There is nothing to show that in doing this work he did not act in good faith and with a desire to comply with the terms of the notice. If the last work so performed was required by the contract, the petitioner is entitled to a lien; otherwise, the lien is lost.

The contract provides that the specifications are "for the construction of a First-class Low Pressure Steam Heating Apparatus . . . ," and that "all materials to be used in the work to be of the best of their respective kinds, and the workmanship to be first class in every particular . . ." It is further provided that "All workmanship and materials used in the construction of this apparatus are to be the best of their respective kinds, and the apparatus is to be capable of warming all the rooms. . . . Finally. This specification is intended to cover everything necessary to make a first class warming apparatus."

It is apparent from the portions of the contract above quoted that a heating apparatus which could not be lawfully used was not what the contract called for. It is equally clear that it was the duty of the petitioner to make the required changes and

remedy the defects which had been called to his attention by the boiler inspector.

We are of opinion that the work done on January 10 was, for the reasons stated, within the terms of the contract, and that the rulings requested by the petitioner in substance should have been given. There was no time limit fixed for the completion of the contract, and the work done on January 10 does not stand differently than where any other defective work is afterwards remedied so as to conform to the contract. "The statute is remedial and intended to protect those who lawfully enhance the value of land by the expenditure upon it of material or labor." *Shaughnessy* v. *Isenberg,* 213 Mass. 159, 162. *Thurston* v. *Blunt,* 216 Mass. 264.

In accordance with the stipulation of the parties, the following entry is to be made:

> *Petitioner's lien established in the sum of $695.90 with interest from the date that the lien was claimed.*