Hinkle, J.
In its verified complaint, plaintiff Preferred Contractors, Inc. sues to enforce a mechanic’s lien under G.L.c. 254, §§4 and 8 in the amount of $27,660.33 on property owned by defendant Connecticut General Life Insurance Company (“Connecticut General”) and leased to defendant Merrill-Lynch, Pierce, Fenner & Smith Inc. (“Merrill-Lynch”).
Defendants now move for judgment on the pleadings or in the alternative for summary judgment. For the reasons which follow, after a hearing, defendants’ motion is ALLOWED.

BACKGROUND

The undisputed facts are as follows.
Connecticut General owns property located at 25 Burlington Mall Road, Burlington. On or about September 8, 2000, plaintiff agreed to provide labor and materials for the benefit of defendants under a written contract for a construction project. Merrill-Lynch received and paid invoices from Caswell Construction, Inc. (“Caswell”), the general contractor, for work performed by its subcontractors, including plaintiff. Plaintiff also brought claims against Caswell for breach of contract, account annexed, quantum meruit, and breach of contract and breach of M.G.L. ch. 93A. On November 24, 2002, a default judgment in the amount of $27,660.33 entered against Caswell.
Plaintiff submitted its final invoice for its work on the project on June 25, 2001, indicating that 100 percent of its work was complete. Caswell submitted its final invoice on June 28, 2001, indicating that 100 percent of the work on the entire contract was complete. The last day plaintiff worked on the project was January 7, 2002. There is no dispute that the work performed by plaintiff on January 7, 2000 was warranty work, nor is there any dispute that plaintiff received no compensation for that work.
On February 28, 2002, plaintiff recorded a Notice of Contract under G.L.c. 254, §4 and a Statement of Account under G.L.c. 254, §8 at the Middlesex County Registry of Deeds, indicating an outstanding balance under the construction contract of $27,660.33. On or about March 1, 2002, plaintiff provided notice of the recordings to defendants. On May 15, 2002, plaintiff filed its verified complaint seeking enforcement of the mechanic lien against defendants in Count I.

DISCUSSION

Defendants admit plaintiff performed work under a commercial construction contract but argue that the construction project was complete by June 2001 and any additional work plaintiff performed after that date was work under warranty. Therefore, defendants argue, by the time plaintiff recorded the Notice of Contract and Statement of Account on February 28, 2002, its rights under the mechanic’s lien statute had expired.
Because the Court has reviewed matters outside the verified complaint and answer in addressing the pending motion, I treat defendant’s motion as one for summary judgment under Mass.R.Civ.P. 56 rather than for judgment on the pleadings.
Defendants argue that plaintiff failed to perfect its lien within the statutory deadlines because G.L.c. 254, §§4 and 8 do not extend to warranty work.[2] Although there appears to be no Massachusetts caselaw directly on point, other jurisdictions have established the common sense rule that warranty work does not generally extend the time for perfecting a mechanic’s lien.[3] See, e.g., Tym v. Ludwig, 538 N.W.2d 600, 604 (Wis.Ct.App. 1995) (warranty work or repair work related to original installation fails to extend time for filing lien); Manhattan Mall Co. v. Shult, 864 P.2d 1136, 1141 (Kan. 1993) (subsequent substitution or replacement of material fails to extend deadline for filing mechanic’s lien); Central Coast Electric v. Mendell, 672 P.2d 1224, 1226 (Or.App.Ct. 1983) (work related to loosening screws, removing original heater, taking junction box covers off, taping leads, assembling and connecting new heater fails to extend lien deadline). In the absence of any caselaw to the contrary, I find and rule that the warranty work done by plaintiff does not extend the time for filing a mechanic’s lien. Thus, the general rule that a party’s failure to comply with the strict filing deadlines of the mechanic’s lien statute results in invalidation of the lien applies in this case.[4] See Blount Bros. Corp. v. Lafayette Place Assoc., 399 Mass. 632, 639 (1987); Valentine Lumber & Supply Co. v. Thibeault, 336 Mass. 411, 413 (1957); Street Lumber Co. v. Sullivan, 201 Mass. 484 (1909).

ORDER

For the foregoing reasons, defendants’ motion for summary judgment on Count I of the verified complaint is ALLOWED.

Section 4 of the Mechanic’s lien statutes states in pertinent part that a:
person may file or record the notice of contract at any time after execution of the written contract whether or not the date for performance stated in such written contract has passed and whether or not the work under such contract has been performed, but not later than the earliest of: (i) sixty days after filing or recording the notice of substantial *220 completion under section two A; or (Ii) ninety days after filing or recording of the notice of termination under section two B; or (iii) ninety days after the last day aperson entitled to enforce a lien under section two or anyone claiming by, through or under him performed or furnished labor or materials or both labor and materials to the project or furnished rental equipment, appliances or tools.
(Emphasis added.)
Section 8 states in relevant part:
[l]iens under sections two and four shall he dissolved unless the contractor, subcontractor, or some person claiming by, though or under them, shall not later than the earliest of: (i) ninety days after filing or recording the notice of substantial completion under section two A; or (ii) one hundred twenty days after filing or recording of the notice of termination under section two B; or (iii) one hundred twenty days after the last day a person entitled to enforce a lien under section two or anyone claiming by, through or under him performed or furnished labor or materials or both labor and materials to the project or furnished rental equipment, appliances or tools.
(Emphasis added.)
Here, the 90- and 120-day filing requirements under §§4(iii) and 8(iii) apply because neither a notice of substantial completion nor a notice of termination was recorded or filed.

The mechanic’s lien statute in these cases is similar to the Massachusetts statute.

Liens related to repair work or work related to receiving a certificate of inspection were not time-barred in previous enactments of G.L.c. 254 because the provisions of the construction contract were broad enough to encompass the warranty work. See Winer v. Rosen, 231 Mass. 418, 422 (1918) (no fixed time limit for work required to conform to contract); Thurston v. Blunt 216 Mass. 264, 268-69 (1913) (contract terms such as “first-class” and “ready for immediate use” extend contract completion date). Here, there is no similar language in the contract.