PEERLESS UNIT VENTILATION CO. INC. *vs.* D'AMORE CONSTRUCTION CO. & others.

Suffolk.   February 9, 1933. — May 24, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Bond*, Public work. *Equity Pleading and Practice*, Decree, Costs, Interest.

One furnishing labor or materials to a subcontractor upon a public construction project cannot avail himself of the benefits of a bond furnished under the provisions of G. L. (Ter. Ed.) c. 149, § 29, if the only work done by him within sixty days before he filed a sworn statement as required by that section of the statute was repair work which either was done gratuitously and not by virtue of his original contract with the subcontractor, or was work done under a new contract not contemplated by the original contract, the original contract having been performed fully more than sixty days before the filing of the statement.

Even if, after the claimant had filed the sworn statement of claim required by the statute above described, he did some work which could be referred to the original contract, his rights under the bond were not preserved by the previous filing of the statement of claim; in order so to preserve his rights, a statement should have been filed within sixty days after such last work was performed.

Upon a report by a judge of the Superior Court of a suit in equity upon a bond furnished under G. L. (Ter. Ed.) c. 149, § 29, by a contractor under contract to perform a public work, it appeared that the judge had ordered the entry of a decree adjudging that a subcontractor owed to the plaintiff the amount he claimed, and directing, among other things, the payment to the plaintiff of part of that sum by the contractor and a part by the surety on the contractor's bond, both sums to bear interest from the date of the filing of the bill, and awarding costs to be paid by the contractor to the plaintiff. This court, having determined that the surety was not liable in any degree, and that the contractor was justified in withholding payment until the rights of the parties should be settled in the suit, ordered the entry of a decree striking out the provisions for payment by the surety and for payment of interest and costs by the contractor and allowing the contractor costs to be paid by the plaintiff.

BILL IN EQUITY, filed in the Superior Court on January 15, 1931, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. After hearing by *Keating,* J., the final decree described in the opinion was ordered entered and the judge reported the suit for determination by this court.

*A. Robinson,* for the defendant D'Amore Construction Co., *W. E. Cunningham,* for the plaintiff.

LUMMUS, J. This is a suit in equity to get the benefit of security for the payment by one Browne, a subcontractor, of $2,240 for labor and materials furnished by the plaintiff in the construction of a schoolhouse for the town of Watertown. The security was obtained under G. L. (Ter. Ed.) c. 149, § 29, and was in the form of a bond, running to the town, with the defendant D'Amore Construction Co., the general contractor, as principal, and the defendant The Aetna Casualty and Surety Company as surety. Furthermore, the defendant D'Amore Construction Co. owes Browne $1,050, and holds that sum subject to the. direction of the court upon an order given by Browne for the payment of that sum to the plaintiff; and the bill also seeks to obtain that sum. The order was subject to the conditions that payment to the plaintiff was not to be made unless a representative of Browne should be present nor until all disputes should be settled, and consequently the defendant D'Amore

Construction Co., which never formally accepted the order, was justified in withholding payment until the rights of the parties should be settled in this suit. The bill has now been taken for confessed against the defendant Browne, and the defendant D'Amore Construction Co. concedes the right of the plaintiff to the amount of the order.

The Superior Court, after the confirmation of a master's report, ordered a final decree establishing the claim of the plaintiff against Browne for $2,240; directing the defendant D'Amore Construction Co. to pay thereon the sum of $1,050 with interest from the filing of the bill on January 15, 1931, and the defendant The Aetna Casualty and Surety Company to pay thereon the balance of $1,190 with similar interest (said balance to be paid by said defendant to the town, and by the town to the plaintiff); and awarding costs to the plaintiff against the defendant D'Amore Construction Co. The case was then reported to this court.

Only the defendant D'Amore Construction Co. defends the case in this court. Its defence is that the plaintiff did not file in the office of the town clerk a sworn statement of its claim within sixty days after it ceased to furnish labor or materials, as required by G. L. (Ter. Ed.) c. 149, § 29. The contract between the plaintiff and Browne was in writing. It provided for a sale of ventilating equipment to Browne, and excluded "erection, installation, personal supervision or inspection," except that the plaintiff offered to inspect for an additional charge, and the master found that inspection included the adjustment of the equipment to temperature degrees. The sworn statement was filed on December 20, 1930. The master, whose findings cannot be revised in the absence of the evidence, found as follows: "the actual work of construction and installation of ventilating units was completed by September 3, 1930, and adjustment of mechanical parts made immediately by the plaintiff on request of Browne. No further work of 'adjusting' was done thereafter except as later stated. . . . I find that about November 29, 1930, a door of a ventilating unit got broken, or was not properly installed, without fault of the plaintiff. That ultimately, after notice first to those more

closely concerned, the plaintiff received notice from Browne and sent a mechanic who repaired it. On January 6, 1931, in consequence of a notice of trouble the plaintiff again sent a mechanic who repaired a lock and two dampers; while there the mechanic adjusted motors to proper speed. No bill was rendered for either service, nor separate payment made to the plaintiff and no evidence appeared as to the separate value of such service. I find that the plaintiff specifically provides in the 'conditions' set out that its responsibility ceases upon delivery of material in good order, and I find that the plaintiff was not obligated to do any repair work by virtue of its contract. I find that it also was not obligated to install. Whether the work done November 29 was repair work or the result of faulty installation, I find that it was not done by virtue of any obligation under its contract. . . . I find that the service of January 6, 1931, included 'adjusting' . . . . I find, however, that this service was not included in the claim filed on December 20, 1930."

The statute requiring security for payment for labor and materials furnished for public works is an outgrowth of the statute creating mechanics' liens upon buildings and land of private persons (*Friedman* v. *County of Hampden*, 204 Mass. 494), and the provision in the statute under which the present case arises, for filing a sworn statement of claim within a certain number of days "after the claimant ceases to perform labor or furnish labor or materials" follows almost exactly the provision of the mechanics' lien law prior to the important changes made by St. 1915, c. 292. See R. L. c. 197, § 6. Decisions under that law are therefore in point. Work actually called for by the contract or continuing employment, performed in good faith with the intention of completing the job, though done with the ulterior purpose of saving the lien and postponed until long after the bulk of the work has been completed, will permit the filing of the statement within sixty days after the doing of the last work. *Monaghan* v. *Putney*, 161 Mass. 338. *Burrell* v. *Way*, 176 Mass. 164. *Thurston* v. *Blunt*, 216 Mass. 264, 268. *Dolben* v. *Duncan Construction Co.* 276

Mass. 242, 251, 252.  See also *Miller* v. *Batchelder,* 117 Mass. 179.  But work done under a new and independent arrangement, made after the original contract or continuing employment has ended, or a gratuitous performance of work not contracted for, does not set the time running so as to preserve a lien for the earlier work.  *O'Driscoll* v. *Bradford,* 171 Mass. 231.  The findings of the master show that the work done on November 29, 1930, either was done gratuitously and not by virtue of any contract, or was done under a new contract to make repairs not contemplated by the original contract which had been performed long before. In either case it did not enable the plaintiff, by filing a sworn statement on December 20, 1930, to revive rights which had been lost by failure to file a sworn statement within sixty days after September 3, 1930.

The work done on January 6, 1931, is immaterial.  Even if the adjusting done on that day could be referred to the original contract, no sworn statement was filed after that work was done.  The last work which sets the sixty days running must be a part of the work included in the plaintiff's claim.  The sworn statement must follow, and may not precede, the cessation of such work.  *General Fire Extinguisher Co.* v. *Chaplin,* 183 Mass. 375.  The case of *Bay State Dredging & Contracting Co.* v. *W. H. Ellis & Son Co.* 235 Mass. 263, 267, 268, arose while a claimant as to public works of the Commonwealth was required by law to file his sworn statement of claim "within sixty days after the completion of the work" (meaning the entire project, and not the job of the claimant), and the decision that a claimant might file his sworn statement before the entire project was completed had no tendency to authorize the filing of a sworn statement before the work included in the claim is completed.  See G. L. c. 30, § 39;  St. 1929, c. 111.

It follows that the plaintiff has no right to obtain the security of the bond, and that the bill must be dismissed as to the defendants The Aetna Casualty and Surety Company and the town of Watertown.  Since the suit was begun and prosecuted in good faith, in the attempt to enforce a supposed equitable claim, it may be retained to do complete

justice among the parties (*Reynolds* v. *Grow*, 265 Mass. 578, 580; *Booras* v. *Logan*, 266 Mass. 172; *Degnan* v. *Maryland Casualty Co.* 271 Mass. 427; *Adams* v. *Silverman*, 280 Mass. 23), and the claim of the plaintiff against the defendant Browne is to be established in the sum of $2,240 with interest from September 3, 1930, and the defendant Browne is to be ordered to pay the same. The defendant D'Amore Construction Company is to be ordered to pay to the plaintiff the sum of $1,050 (which will constitute a partial satisfaction of the indebtedness of said Browne aforesaid), but no interest prior to the final decree is to be allowed on said sum, for there has been no unlawful detention of the money. *Goldman* v. *Worcester*, 236 Mass. 319. *Ratner* v. *Hill*, 270 Mass. 249. *Central Trust Co.* v. *National Biscuit Co.* 273 Mass. 319. The defendant D'Amore Construction Co. is to be allowed costs against the plaintiff, since it prevailed on the only disputed issue. It is unnecessary to provide in the decree for the issue of executions, for that is governed by Rule 83 of the Superior Court (1932). A final decree is to be entered to this effect.

*Ordered accordingly.*