SOCONY–VACUUM OIL COMPANY, INCORPORATED *vs.* CITY OF LYNN & others

(and three companion cases between the same parties).

Suffolk.    April 4, 1940. — May 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Municipal Corporations,* Security for public work.

A suit under § 29 of G. L. (Ter. Ed.) c. 149 in the amended form appearing in St. 1938, c. 361, to enforce payment of a claim for materials furnished to a contractor for the reconstruction of public ways could not be maintained where it appeared that the only sworn statement of claim filed by the material man was not filed until after completion by the contractor of certain repair work on the ways for which the material man furnished additional material but which was not a part of the original reconstruction contract and was not done until about a year after that contract was fully performed.

FOUR PETITIONS, filed in the Superior Court on September 9, 1938.

The cases were heard together by *Good,* J.

*J. J. Cummings,* (*F. N. Cummings* with him,) for the petitioner.

*J. W. Blakeney, Jr.,* (*F. J. Hansberry* with him,) for the respondent The Century Indemnity Company.

RONAN, J.    The petitioner in these four suits brought under G. L. (Ter. Ed.) c. 149, § 29, as amended (St. 1935, c. 472, § 2; St. 1938, c. 361), seeks payment for asphalt used by the respondent M. McDonough Corp. (hereinafter referred to as the contractor) in the reconstruction of public ways in the respondent city in accordance with four written contracts, made by the contractor and the city; and to enforce the payment of its claim out of funds retained by the city and from the bond furnished by the respondent

indemnity company on each of the contracts, conditioned upon the payment by the contractor for all materials used or employed in the completion of the said contracts. In each case, a final decree was entered establishing the indebtedness of the contractor to the petitioner, dismissing the petition against the remaining respondents, and ordering the city to pay over to the respondent indemnity company the funds retained by the city. The petitioner appealed from the final decrees.

There was evidence that the contractor and the city, in May and July, 1937, entered into contracts for the reconstruction of certain streets, and that the streets as reconstructed were open to traffic in July or August, 1937. Each contract required the contractor to use such material and so construct and build the pavement for each street that it would be and remain in good repair and condition for and during a period of one year from the date the roadway was completed and opened to public traffic over its entire length; but the contractor was not to be held liable for any defects in the condition of the ways due to alterations made under any permit granted by the city or from any causes over which the contractor had no control. After the streets had been opened for traffic in 1937, a controversy arose between the city and the contractor as to the existence of certain defects which the city contended, and the contractor denied, were due to faulty construction. The contractor did a small amount of repair work in October, 1937, in February, 1938, and in November, 1938. The present cases, however, turn upon the nature of the work done by the contractor in July, 1938, and the relation of that work to the four contracts. There was evidence that portions of the streets had been injured by bonfires, by excavations made by different departments of the city and by a certain public utility company. The proper municipal board voted to pay the contractor $2,000 for repairing the damage in these streets and the contractor also received $1,500 from the utility company. The petitioner on July 11, 13, 14 and 15, 1938, furnished asphalt for this repair work, and on August 30, 1938, filed sworn statements with

the city clerk which included all the asphalt that it had furnished on these four contracts. Practically all of this material had been furnished in 1937, and none had been furnished in 1938 before July, except a small quantity in February. The petitioner contends that the material supplied in July, 1938, was used by the contractor in performing its contracts, and in reconstructing the streets so that they would remain in good condition for a period of a year after they were opened to public travel; and that its sworn statements were filed within sixty days after it had ceased to furnish material used by the contractor in completing its contracts with the city. Upon the evidence it was a question of fact whether the work done in July, 1938, was work required to be done by the contractor under the contracts executed in 1937, or whether the necessity for the performance of this work in July, 1938, did not arise from the failure of the contractor and was due to other causes for which it was not responsible. If the work was done under the contracts then it could be found that the sworn statements were seasonably filed; but if the work was not included in these contracts, then the statements were filed too late to include materials supplied in 1937, and they were ineffectual to enable the petitioner to secure the benefit of the security furnished under the contracts of 1937 for the materials supplied in July, 1938, as they were not included within these contracts. The fact that the work done on these four contracts was not finally accepted by the appropriate municipal board until November, 1938, does not show that the work done in July, 1938, under an arrangement made between this same board and the contractor, was work included in these contracts. The judge found that no sworn statement was filed within sixty days after the petitioner had ceased to furnish labor or materials in the reconstruction of the highways, the reconstruction of which was finished by the contractor in the summer of 1937. The judge did not find that the asphalt furnished in July, 1938, was used by the contractor in completing performance of its four contracts executed in 1937 with the city. These findings must stand as we cannot

say upon the evidence, which is fully reported, that they are plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79. *Fistel* v. *Car & General Ins. Corp. Ltd.* 304 Mass. 458. They are decisive that the petitioner shows no right to obtain the benefit of the security which it attempted to reach. *T. Shea, Inc.* v. *Springfield,* 252 Mass. 571. *A. L. Smith Iron Works* v. *Maryland Casualty Co.* 275 Mass. 74. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Construction Co.* 283 Mass. 121. *Cook Borden & Co. Inc.* v. *Commonwealth,* 293 Mass. 174. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman,* 302 Mass. 508. *Mario Pandolf Co. Inc.* v. *Commonwealth,* 303 Mass. 251.

*Decrees affirmed.*