PATRICK ROSS *vs.* PLANET INSURANCE CO. February 7, 1972. The plaintiff, a subcontractor in the construction of a public school building in Amesbury, brought a bill in equity to recover on a statutory payment bond furnished pursuant to G. L. c. 149, § 29. The surety appeals from a final decree ordering it to pay the full amount of the plaintiff's claim. The evidence is not reported but there is a report of material facts. The judge found that on September 12, 1966, the plaintiff entered into a subcontract with the general contractor to furnish labor and materials in the nature of waterproofing, dampproofing and caulking in the amount of $2,583; that in October, 1967, and February, 1968, the plaintiff, at the request of the general contractor, performed extra caulking work; and that the outstanding balance due the plaintiff from the general contractor (after a partial payment) was $6,319.40. The judge further found that in September, 1968, the architect notified the general contractor that the town was taking over the job and that no further work was to be done by it on the job. The plaintiff was never notified of this termination. The judge also found that in December, 1968, the architect and the clerk of the works requested the plaintiff to do corrective caulking work on the building. The corrective work was completed by the plaintiff on January 6, 1969. On March 25, 1969, the plaintiff filed a sworn statement of its claim for $6,319.40 with the town clerk of Amesbury. The judge ruled that the claim was seasonably filed. We agree. General Laws c. 149, § 29, as amended through St. 1964, c. 609, § 5, requires that the claim be made "prior to the expiration of ninety days after the claimant ceases to perform labor or furnish labor, [or] materials . . . for which claim is made." Our prior decisions have repeatedly stated that this statute was intended to protect laborers,

materialmen and subcontractors from nonpayment by general contractors engaged in the construction of public buildings and that "the statute should be given a broad or liberal construction to accomplish its intended purpose." *American Air Filter Co. Inc.* v. *Innamorati Bros. Inc.* 358 Mass. 146, 150, and cases cited. In the present case the judge found that the work performed by the plaintiff was corrective in nature. Notwithstanding the termination of the general contract, the plaintiff's repair work, done under the original subcontract, was necessary to it. See *Albre Marble & Tile Co. Inc.* v. *Goverman*, 353 Mass. 546, 549. "[W]ork done to correct defects or to make substitution for previous faulty performance is equally effective to renew the period for filing the claim . . .. Such correction is as much needed to furnish a complete and proper performance of the contract as work done to finish a previously unfinished detail of the work." *Carter* v. *Commonwealth*, 290 Mass. 97, 101. The case of *C. C. Smith Co. Inc.* v. *Franchini Constr. Co.* 334 Mass. 379, relied upon by the defendant, is not controlling. There the subcontractor had not completed its original work at the time that the general contract was terminated. While this court did state that the subcontractor had no standing to perform further, that language was not intended to refer to situations such as the present one where the later work is corrective of that done prior to the termination.

*Decree affirmed with costs of appeal.*

*Robert J. Sherer* for the defendant.
*Ronald R. Petralia* for the plaintiff.