FISKE'S GARDEN CENTER, INC. *vs.* SYDNEY CONSTRUCTION COMPANY, INC. & others.[1] September 25, 1973. The general contractor on a public construction project and its surety on the bond required by G. L. c. 149, § 29 (as amended through St. 1964, c. 609, §§ 4 and 5) have appealed from a final decree entered in the Superior Court (on a bill filed under § 29) establishing their respective liabilities to the plaintiff, a sub subcontractor which furnished labor and materials incorporated in the project. As the evidence clearly warranted (if indeed it did not require) a finding that the labor and materials furnished by the plaintiff on October 2, 1969, were furnished pursuant to the plaintiff's obligations under its original sub subcontract, there was no error in the court's ruling with respect to the timeliness of the sworn statement of claim filed by the plaintiff twenty-five days later. *Warren Bros. Roads Co.* v. *Joseph Rugo, Inc.* 355 Mass. 382, 386 (1969). *Ross* v. *Planet Ins. Co.* 361 Mass. 852, 853 (1972). Cf. *Peerless Unit Ventilation Co. Inc.* v. *D'Amore Constr. Co.* 283 Mass. 121, 123-125 (1933); *Armco Drainage & Metal Products, Inc.* v. *Framingham,* 332 Mass. 129, 131-133 (1954). Nothing in the evidence required a finding that the labor and materials furnished on the above date were furnished pursuant to a new and independent agreement between the plaintiff and the general contractor (as to which see *Peerless*

---

[1] Planet Insurance Company and the Winchendon Housing Authority. The latter filed an answer but took no part in the proceedings below or in this court.

*Unit Ventilation Co. Inc.* v. *D'Amore Constr. Co.* 283 Mass. 121, 125 [1933]; *Socony-Vacuum Oil Co. Inc.* v. *Lynn,* 306 Mass. 165, 167-168 [1940]). As there was no such finding, the final decree must be modified to reflect liabilities in the amount of only $6,000, and to compute interest on that amount from October 27, 1969 (*Di Fruscio* v. *New Amsterdam Cas. Co.* 353 Mass. 360, 363-364 [1967]). As so modified the decree is affirmed. The plaintiff is to have costs of this appeal.

*So ordered.*

*James R. DeGiacomo* for the defendants.
*Thomas J. Donahue, Jr.* (*Roger B. Leland* with him) for the plaintiff.