JOHN MADDEN *vs.* WALTER E. PALMER. October 29, 1976. In this action commenced in August, 1974, by a client against his attorney for malpractice, the defendant's motion for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), was granted by a judge of the Superior Court. We reverse. From the pleadings and other material offered in support of and in opposition to the motion, the following must be taken as not shown to be incapable of proof. The plai. ..iff retained the defendant to pursue remedies for personal injuries suffered in an industrial accident in September, 1967. On the defendant's advice, the plaintiff did not accept workmen's compensation benefits. The defendant on the plaintiff's behalf commenced an action in the Superior Court against two "third parties" (see G. L. c. 152, § 15, as in effect at the date of the accident; *Goldstein* v. *Gontarz,* 364 Mass. 800, 810 n. 8 [1974]; dissenting opinion at 818 n.1), but a judgment was entered in favor of one of these parties in December, 1969, because of the defendant's negligent failure to see to the answering of interrogatories, and a judgment was entered in favor of the other party in October, 1971, through the defendant's negligence in failing to respond to a trial call. The plaintiff was not advised of the outcome of the action against the third parties; rather he was informed that the action was awaiting trial, and it was not until May, 1974, that he learned the facts through another attorney retained by him. About the same time he learned that the defendant had filed a workmen's compensation claim against the employer which was pending. Contending for summary judgment, the defendant says with respect to the action against the third parties that any negligence on his part was immaterial because the defense of so called "common employment" would anyway have succeeded. This is not demonstrated since "[t]he question of common employment is normally a question of fact for the jury" (*MacKay* v. *Ratner,* 353 Mass. 563, 565 [1968]; see *Carr* v. *Arthur D. Little, Inc.,* 348 Mass. 469, 474 [1965]; *McPadden* v. *W. J. Halloran Co.,* 338 Mass. 189, 192 [1958]), and the defendant presents no facts on the matter apart from a bare assertion. Moreover, if the action was plainly ill grounded, there may have been negligence in the advice given to the plaintiff and in the institution of that action. (Whether the workmen's compensation claim has been prejudiced in any way remains unclear.) Especially in view of the claimed nondisclosure by the defendant to the plaintiff of the result of the action against the third parties, it is not demonstrated that the present action is time barred. *Hendrickson* v. *Sears,* 365 Mass. 83 (1974). Summary judgment is thus inappropriate as genuine issues remain regarding facts material to the malpractice charge. See Rule 56 (c), 365 Mass. 824 (1974).

*Judgment reversed.*

*Nachman S. Cohen* for the plaintiff.
*Robert G. Cohen* for the defendant.