D & P EQUIPMENT CORP. *vs.* HARVEY CONSTRUCTION CO., INC. & others. June 30, 1977. There was no error in the entry of summary judgment dismissing this action brought under G. L. c. 149, § 29 (as amended through St. 1972, c. 774, § 5), as to Harvey and the surety on Harvey's bond, because of the plaintiff's failure to bring the action within the one-year period prescribed by that section. In view of the almost identical language used by the Legislature to define that period in the second paragraph of § 29 ("within one year after the day on which such claimant last performed") and the notice period in the third paragraph ("within sixty-five days after the day on which the claimant last performed"), we think it clear that both periods were intended to run from the same date. *Insurance Rating Bd.* v. *Commissioner of Ins.* 356 Mass. 184, 188-189 (1969). *Commonwealth* v. *Mercy Hosp.* 364 Mass. 515, 520 (1974). *Lincoln* v. *Hillside Park 'n Shop, Inc.* 370 Mass. 209, 214 (1976). *Shrewsbury* v. *Munro,* 2 Mass. App. Ct. 362, 365 (1974). That date, according to the plaintiff's own notice of claim filed under the third paragraph, was September 19, 1974, whereas the present action was not commenced until November, 1975. While the plaintiff may have acquired "a contractual relationship" with Harvey for purposes of the second paragraph of § 29 *after* September 19, that circumstance, standing alone, is not a sufficient ground for permitting the second and third paragraphs "to be combined in the 'piggy-back' fashion attempted by the plaintiff." *Wolk* v. *Planning Bd. of Stoughton,* 4 Mass. App. Ct. 812 (1976). We can discern no basis in the record for the conclusion that the equipment rented directly to Harvey pursuant to that relationship was in fulfillment of any contractual obligation theretofore owed by the plaintiff to Hawthorne (contrast *Warren Bros. Roads Co.* v. *Joseph Rugo, Inc.* 355 Mass. 382, 384-386 [1969]; *International Tel. & Tel. Corp.* v. *Hartford Acc. & Indem. Co.* 357 Mass. 282, 288 [1970]; *Ross* v. *Planet Ins. Co.* 361 Mass. 852 [1972]; *Fiske's Garden Center, Inc.* v. *Sydney Constr. Co. Inc.* 1 Mass. App. Ct. 844 [1973]), or in furtherance of any arrangement with Hawthorne amounting to continuous employment (contrast *Westinghouse Elec. Corp.* v. *J.J. Grace & Son, Inc.* 349 Mass. 664, 667-668 [1965]). Rather, such items as the notation on the invoice of September 30, the notice to Harvey of October 3 and the rental increase announced in the letter of October 17 indicate that the parties regarded the plaintiff's arrangement with Hawthorne as terminated (compare *C.C. Smith Co. Inc.* v. *Frankini Constr. Co.* 334 Mass. 379, 384-385 [1956]), and its dealings with Harvey as a new and independent undertaking (see *Peerless Unit Ventilation Co. Inc.,* v. *D'Amore Constr. Co.*

283 Mass. 121, 125 [1933]; *Massachusetts Gas & Elec. Light Supply Co.*
v. *Rugo Constr. Co. Inc.* 321 Mass. 20, 23 [1947]; *Armco Drainage &
Metal Prod. Inc.* v. *Framingham,* 332 Mass. 129, 133 [1954]). Although
there are certain statements in the affidavits filed by the plaintiff to the
effect that Harvey "took over" Hawthorne's contract with the plaintiff,
those statements do not indicate what the terms of such a contract may
have been and fail to rebut the clear implication of the whole record that
the arrangement between Hawthorne and the plaintiff was nothing
more than an agreement to pay a fixed hourly rate for such number of
hours as Hawthorne should use the plaintiff's equipment. The plaintiff's
affidavits are equally vague as to the formation of the alleged contract
between the plaintiff and Harvey, omitting, as they do, factual asser-
tions concerning what was said on the latter's behalf and who said it.
Compare *Commonwealth Bank & Trust Co.* v. *Plotkin,* 371 Mass. 218,
221-222 (1976). A party opposing a motion for summary judgment is not
entitled to rely on "vague and general allegations of expected proof"
(*Community Natl. Bank.* v. *Dawes,* 369 Mass. 550, 555-556 [1976];
*John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 [1976]) and
unsupported conclusions of law (*Madden* v. *Palmer,* 371 Mass. 894
[1976]).

*Judgment affirmed.*

The case was submitted on briefs.
*Tanous J. Thomas & Stephen R. Follansbee* for the plaintiff.
*Robert J. Sherer* for the defendants.