Spurlock, J.
Plaintiff, Wallboard Supply Co., Inc. (“Wallboard”), has moved for summary judgment pursuant to Rule 56(c). In support, Wallboard contends that no material facts are in dispute and that they are entitled to judgment as a matter of law. The defendants allege that material facts are in dispute and therefore, summary judgment is inappropriate. For the following reasons, the plaintiffs Motion for Summary Judgment is allowed in part and denied in part.
FACTS
After a hearing and upon review, the court finds that the following facts are undisputed.
This is a contract action. Wallboard and defendant Star Drywall & Painting Co., Inc. (“Star”) entered into a contract. The contract terms provided that Wallboard would deliver drywall materials to Star in exchange for $93,118.00. The materials were to be delivered to the Nettles and Consentino Schools in Haverhill for installation by Star. Star was employed as a drywall subcontractor by defendant Charles Construction Co., Inc. (“Charles”). Charles was the general contractor, retained by the City of Haverhill, for the construction of the Nettles and Consentino Schools. Charles and defendant Federal Insurance Company (“Federal”) entered into an agreement whereby Federal agreed to provide a bond to secure payment for construction labor and materials. Wallboard supplied drywall materials to Star from July 1992 through February 23, 1993. Wallboard has submitted invoices, apparently signed by employees of Star, which indicate approximately $93,000.00 of materials was delivered to the Nettles and Consentino Schools. Star paid Wallboard $53,934.48. Charles paid Wallboard an additional $7,007.63. Wallboard claims that the remaining balance due is $31,176.00. On March 26, 1993, Wallboard provided Charles with written notice of its claim, identified Star as the party to whom it provided the material, and stated the amount of its claim. On May 23, 1993, three months after its last delivery, Wallboard initiated this action.
DISCUSSION
Standard for Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
Wallboard v. Star
In order to prevail against Star, Wallboard must establish that they satisfied all terms of the contract. Here, Star admits that the contract price was $93,118.00. Star admits it paid Wallboard $54,938 and further admits the unpaid balance due Wallboard was $38,184.30. This balance was later reduced to $31,176.00 when Charles made a partial payment to Wallboard of $7,007.00. Wallboard has submitted invoices, all signed by employees of Star, which indicate that approximately $93,000.00 worth of materials shipped by Wallboard were received. Therefore, as a matter of law, Wallboard is entitled to summary judgment in regards to its claim against Star.
Wallboard v. Charles and Federal
In order to prevail on summary judgment against Charles and Federal, Wallboard must establish that they have satisfied G.L.c. 149, §29. This statute provides that a contractor working on a public project must obtain a bond to protect laborers and material-men from nonpayment by contractors and subcontractors. See American Air Filter Co. Inc. v. Innamorati Bros. Inc., 358 Mass. 146, 150 (1970). To accomplish this purpose, the statute is to be interpreted broadly. Id. See Ross v. Planet Ins. Co., 361 Mass. 852, 853 (1972). G.L.c. 149, §29 provides that a supplier shall have a cause of action against the contractor principal *505 furnishing the bond if four requirements are satisfied: (1) the supplier must give written notice to the contractor principal within sixty-five days after the day on which claimant last furnished materials; (2) the notice must state with substantial accuracy the amount claimed, the name of the party to whom the materials were supplied; (3) the notice can be served by registered or certified mail to any location where the contractor principal maintains an office; (4) a claim must be filed with the court within one year from the date on which materials were last furnished. See G.L.c. 149, §29; D&P Equipment Corp. v. Harvey Construction Corp., Inc., 5 Mass.App.Ct. 851, 851 (1977).
Here, Charles and Federal contend that whether Wallboard complied with the notice requirements of G.L.c. 149, §29 is a question of fact. However, Wallboard has demonstrated that its last delivery of materials to Star occurred on February 23,1993. On March 26, 1993, well within sixty-five days, Charles was notified by certified mail that Wallboard had not been paid by Star and stated the amount outstanding. Further, Wallboard’s claim against the defendants was filed on May 14, 1993, well within one year from the date of last delivery. As a matter of law, Wallboard has demonstrated that they have satisfied the notice provisions of G.L.c. 149, §29.
In addition, however, to the statutory requirements discussed above, Wallboard must climb one further hurdle. G.L.c. 149, §29, provides, in part:
Officers or agents contracting in behalf of any . . . town . . . shall obtain security by bond ... for payment by the contractor and subcontractors for labor performed or furnished and materials used or employed therein.
The language “used or employed” has been interpreted as additionally requiring a materials supplier to prove that the materials supplied were actually used in the construction of the project. Walsh Holyoke Steam Boiler Works, Inc. v. McCue, 289 Mass. 291, 294 (1935). See M. Lasden, Inc. v. Decker Electrical Corp., 372 Mass. 179, 183 (1977). Although this burdensome requirement seems to run counter to the purpose of the statute to protect materials suppliers, this is the law.[2]
Wallboard has demonstrated that they supplied Star with diywall materials. However Wallboard has not demonstrated that Star actually utilized these materials in the construction of the Nettles and Con-sentino Schools. Until Wallboard can so demonstrate, the issue of whether Wallboard’s materials were actually installed remains a material fact in dispute.
CONCLUSION
Wallboard has demonstrated that they are entitled to summary judgment against Star. Wallboard has also established that they satisfied the notice requirements of G.L.c. 149, §29. However, Wallboard has not come forth with evidence to indicate that the materials supplied to Star were actually “used or employed” in the construction of the Nettles and Consentino Schools.
ORDER
For the foregoing reasons, the plaintiffs Motion for Summary Judgment is ALLOWED in part and DENIED in part as follows:
(1) Summary judgment in regards to defendant, Star Drywall & Painting Co. Inc. is ALLOWED.
(2) Summary judgment in regards to defendants Charles Construction Co. Inc. and Federal Insurance Company is DENIED.

 For a general discussion of the policy implications of this onerous requirement see Lasden, 372 Mass. at 184 n. 5 & 6.